## Commonwealth vs. William Waters.

On the tr•J of a complaint for transporting liquors from place to place with reasonable cause to believe that they were intended to be sold illegally, the defendant cannot introduce evidence that the person to whom it is alleged that they were being conveyed has been tried and acquitted for keeping the same liquors with intent to sell.

A complaint on *St.* 1855, c. 215, § 20, for transporting liquors from place to place in this commonwealth, having reasonable cause to believe that they were intended to be sold illegally, need not allege that they were not in the original packages in which they were imported.

The *St.* of 1855, c. 215, § 20, prohibiting the transportation of intoxicating liquors "from place to place " in this commonwealth, having reasonable cause to know that they were intended to be sold, includes the transportation of such liquors from one place to another in the same town.

COMPLAINT on *St.* 1855, c. 215, § 20, averring that the defendant on the 18th of July 1855 at Springfield, " did illegally transport and convey from place to place within said commonwealth, to wit, from the Western Railroad freight depot in said Springfield to West Union Street in said Springfield, so called, to a certain shed in said West Union Street, occupied by one Patrick Goden, of said Springfield, certain intoxicating liquors, to wit, forty gallons of whiskey, said Waters then and there having reasonable cause to believe that said liquors were intended for sale by said Goden in said Springfield, contrary to the provisions of " *St.* 1855, c. 215.

At the trial in the court of common pleas in Hampden, after

evidence that a barrel of intoxicating liquors was conveyed by the defendant to Goden, and by him placed in a shed, and a day afterwards seized by a policeman under a warrant, *Morris*, **J.** refused to allow the defendant to show that Goden had been tried and acquitted on a complaint for keeping the same liquor with intent to sell the same ; and, after a verdict of guilty, over-ruled a motion in arrest of judgment, made upon the grounds that the complaint did not show that the liquor was not imported under authority of the laws of the United States and still in the original package ; and that the places between which the defendant was alleged to have transported and conveyed the liquor were not described with sufficient definiteness and certainty, nor such places as the statute contemplated.   The defendant alleged exceptions.

*W. L. Smith*, for the defendant, in support of the last ground of the motion in arrest, referred to *St.* 1855, *c.* 215, § 18, imposing a penalty on any carrier receiving intoxicating liquors sold or intended for sale in violation of this act, with reasonable cause to believe such sale or intention, to be recovered on complaint " either in the place where said liquor may be received, or in any place through which it may be carried, or in the place at which it may be delivered to the purchaser or any person for him."

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

MERRICK, J.   The exclusion of the evidence offered to show the result of the prosecution against Goden for keeping with intent to sell in violation of law the liquor which the defendant is accused of having unlawfully transported to a shed in his occupation in Union Street in Springfield from the Western Railroad Company's freight depot in that city, appears to have been right.   While it is a general and familiar principle that the determination of any matter directly involved in the issue is conclusive upon the parties to the suit, including not only those who are named upon the record, but also all others who have a direct interest in its event, and who have a right to make defence or control the proceedings, and appeal from a subordinate tribunal to the court of final jurisdiction, it is equally true

that the judgment is to have no effect against strangers, and cannot be availed of to their prejudice, or urged as evidence against them.   And for this reason they cannot themselves take advantage of it in any controversy with such persons as were actual parties to the suit.   The judgment is effectual only between those upon whom its operation is mutual, and therefore he against whom it can in no respect be enforced is not permitted to use it for his own benefit or to the prejudice and disadvantage of his adversary.   1 Greenl. Ev. §§ 522–524. Hence it would seem to be very clear that the defendant in this case had no right in his own defence to introduce evidence that Goden had been acquitted of the charge brought against him. Not having been a party to that prosecution, he could neither have aided the government in procuring a conviction by forbearing to suggest objections or by confessions of guilt, nor have embarrassed its proceedings by setting up a defence which he was not entitled to interpose, and upon which therefore he would not have been allowed to insist.   Besides, the offences charged in the several indictments against Goden and the defendant were far from being identical.   They were each individually accused of having violated different provisions contained in different sections of the statute, and the evidence which would have been sufficient to produce conviction in the one case would, without proof of additional circumstances, have failed to establish the accusation set forth in the other.

The motion in arrest of judgment cannot, upon either of the grounds contended for, be allowed to prevail.   The statute, in express terms, makes the transportation of spirituous liquor from place to place within the State, with reasonable cause to believe that it is intended to be sold there by some other person in violation of its provisions, a criminal offence.   To this general and explicit provision there is no exception or qualification in the enacting clause.   If therefore it is true, as contended for by the defendant, that the liquor which he is alleged to have conveyed from the railroad depot to the shed of Goden was imported by him, and was still in an unbroken package, remaining in the same condition in which it arrived from a foreign coun-

try, and if all this, upon being shown, would establish the right of the defendant to transport it as he is alleged to have done, it is well settled that these are facts which need not be negatived in the complaint, but are to be given in evidence and proved by the defendant, if he would rely upon them as a substantial ground of defence. *Commonwealth* v. *Hart*, 11 Cush. 130. It is an objection to be taken advantage of upon the trial, and cannot be set up as a cause for arresting the judgment.

The statute prohibits the transportation of spirituous liquor, under the circumstances particularly stated, " from place to place within the State." *St.* 1855, *c.* 215, § 20. We do not think that, by a true interpretation, this latter phrase must be held to designate only towns, or counties, or such other territorial divisions or districts as have been or may be established by law or by authority of the Commonwealth. The obvious purpose of the legislature in this, as in various other provisions of the statute, was to interpose the most effectual impediments in the way of the illegal traffic in spirituous liquors. It is therefore provided, in very general terms, that wherever there is reasonable cause of belief that an owner or consignee of this kind of property intends to make sale of it in violation of law, he shall not be aided or assisted by any person in the transportation or conveyance of it from one place to another. This phrase in the statute certainly admits of some qualification ; for it is not every possible removal of spirituous liquor which will make a person employed by the owner to do it guilty of a criminal offence. Thus if the removal were only upon the premises of the owner, or from one to another of his warehouses, or from one to another part of his shop, this would constitute no offence and would be no violation of law. But the transportation from one place, whether it be a shop, warehouse, railroad depot or building used for any purpose whatever, of which the owner has no possession, and in which he has no interest, to a store of his own, in which he transacts his usual business, is a thing altogether different in itself, comes within the very words of the prohibition, and affords the aid to one who contemplates the commission of an offence, which it is the special object and purpose of this

provision of the statute to discourage and repress. The manner in which the word "place" is used in the eighteenth section affords no reason for adopting the interpretation contended for by the defendant. The object of the whole provision contained in that section cannot be mistaken. It was to facilitate prosecutions for the violation of the law in reference to the acts prohibited, exposing the offender to proceedings to be instituted against him in any town, city or county in which he may have been at any time while he was engaged in any part of the unlawful transportation ; and was not intended to give a limited signification of the phrase " from place to place." This phrase is not new in the legislation of this state. It is found in the statute relative to pedlers and itinerant vendors of personal property, and is therein used concerning acts done in different parts of a town, and in direct contrast with business which is pursued by travelling from one town to another. Rev. Sts. *c.* 35, § 7.

Upon the whole therefore a majority of the court are of opinion that the evidence offered by the defendant as to the result of the prosecution against Goden was rightly rejected, and that the complaint is sufficient in its allegations both in respect to the liquor transported and the place from and to which it was conveyed ; and the motion in arrest of judgment must be refused.                    *Exceptions overruled.*