STATE *v.* JOHN SEXTON,

(*Knoxville.*    September Term, 1908.)

1. **STATUTES.** Possession of shooting implements in the open air on Sunday may be prohibited under a title prohibiting "shooting on Sunday."

The offense (denounced by Acts 1903, ch. 169, sec. 6) "of having in possession in the open air the implements for shooting on the first day of the week, called Sunday," is germane to, and embraced within, the title of said act to prohibit "shooting on Sunday." (*Post, pp.* 37, 38, 41.)

Acts cited and construed: Acts 1903, ch. 169, sec. 6.

Constitution construed, but not cited: Art. 1, sec. 17.

2. **SAME.** Amendments within the title of the original act are valid, when; case in judgment.

The amendment of a statute within the title of the original act is valid, when. Acts 1907, ch. 185, providing for speedy trials, before justices of the peace, of persons arrested for a violation of the game, fish, or forestry laws, and providing what disposition shall be made of the fines and forfeitures imposed and collected thereunder, is an amendment of Acts 1903, ch. 169, and is within the title of the said original act entitled "An act for the protection of game in the State . . . and to regulate the shooting, sale, purchase, and shipping thereof, . . . to define the . . . . means by which game may be killed," etc. (*Post, pp.* 37-41.)

Acts cited and construed:  Acts 1903, ch. 169, sec. 6; Acts 1907, ch. 185, secs. 3, 18.

Case cited and approved:  Goodbar v. Memphis, 113 Tenn., 20.

State v. Sexton.

3.  SAME.  Authorizing the imposition of fines by justices, with
    right of appeal, is valid and constitutional.
    The mode of procedure provided by Acts 1907, ch. 185, sec. 3,
    which authorizes justices of the peace to impose fines for a vio-
    lation of the act, with the right of appeal guaranteed to the
    defendant, is valid and constitutional. (*Post, pp.* 39, 41.)

Acts cited and construed:  Acts 1907, ch. 185, sec. 3.

Constitution construed, but not cited:  Art. 1, secs. 6 and 14.

4.  SAME.  Providing for trial of offenders before justices, with
    right of appeal, does not violate the constitutional right of trial
    by jury.
    Acts 1907, ch. 185, sec. 3, providing for the trial of violators of
    the game, fish, and forestry laws before a justice of the peace,
    with the right of appeal is not unconstitutional as violative of
    the constitutional right of trial by jury. (*Post, pp.* 39, 41, 42.)

Acts cited and construed:  1907, ch. 185, sec. 3.

Constitution construed, but not cited:  Art. 1, sec. 6.

Cases cited and approved:  State v. Maze, 6 Humph., 17; McGin-
    nis v. State, 9 Humph., 43; Trigally v. Mayor, 6 Cold., 382; Mar-
    ler v. Wear, 117 Tenn., 244.

5.  CONSTITUTIONAL LAW.  Right of jury trial is protected
    only as it existed at common law.
    The constitutional provision (art. 1, sec. 6) that "the right of trial
    by jury shall remain inviolate" protects the right of jury trial
    only as it existed at common law. (*Post, p.* 41.)

Constitution construed, but not cited:  Art. 1, sec. 6.

Cases cited and approved:  State v. Maze, 6 Humph., 17; Mc-
    Ginnis v. State, 9 Humph., 43; Trigally v. Mayor, 6 Cold., 382;
    Marler v. Wear, 117 Tenn., 244; State v. Glenn, 54 Md., 572;
    State v. Anderson, 40 N. J. Law, 224; Marx, Ex parte, 86 Va.,
    40; Inwood v. State, 42 Ohio St., 186.

State v. Sexton.

**6. SAME.** Statute providing for trial and fine before justices, without indictment, is valid and constitutional.

Acts 1907, ch. 185, sec. 3, providing for trial of offenders against the game laws before a justice of the peace, with punishment by fine without imprisonment, is not violative of the constitutional provision (art. 1, sec. 14) declaring that "no person shall be put to answer any criminal charge but by presentment, indictment or impeachment." (*Post, pp.* 39, 42, 43.)

Acts cited and construed: Acts 1907, ch. 185, sec. 3.

Constitution cited and construed: Art. 1, sec. 14.

Cases cited and approved: McGinnis v. State, 9 Humph., 43; Trigally v. Mayor, 6 Cold., 382; Hogan v. Chattanooga, 2 Shannon's Cases, 339; Henley v. State, 98 Tenn., 706.

---

FROM SCOTT.

---

Appeal from the Circuit Court of Scott County.— G. MC. HENDERSON, Judge.

ATTORNEY-GENERAL CATES, W. H. BUTTRAM and L. R. JEFFERS, for State.

J. C. J. WILLIAMS and W. H. POTTER, for defendant.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The questions presented for determination on this record involves the proper construction of the game laws of the State.

Section 6, c. 169, p. 376, Acts 1903, provides as follows:

"There shall be no shooting or having in possession in the open air the implements for shooting on the first day of the week called Sunday, except to transport said implements within or without the State; nor shall any person shoot on or from a public highway."

The defendant in error, John Sexton, was fined $25 by a justice of the peace of Scott county on a warrant charging Sexton with "having in possession in the open air the implements for shooting on the first day of the week, called Sunday." He appealed, and gave bond for his appearance at the ensuing February term of the circuit court. The State having failed through the grand jury to indict defendant, he moved through his attorney to quash the warrant on the following grounds:

(1) That the offense charged in the warrant is a misdemeanor under the act of 1903, and cannot be further proceeded with in the absence of an indictment by the grand jury.

(2) Because the offense charged in the warrant and denounced by section 6 of the act of 1903 is not embraced in the caption of the act.

The court sustained the motion and quashed the warrant. The attorney-general appealed.

The caption of Acts 1903, p. 374, c. 169, is as follows:

"A bill for an act to be entitled an act for the protection of game in the State of Tennessee, and to regulate the shooting, sale, purchase and shipping thereof. . . . (6) To define the methods, manner and means by which game may be killed, and to prohibit the use of

other than shoulder guns, or of traps, snares, coops, nets, pitfalls, medicated or poisoned food, artificial lights, or shooting after sunset, or before sunrise, or shooting on Sunday, or upon the public highway."

Section 6 of this act, as already seen, makes it a misdemeanor "to have in possession in the open air the implements of shooting on the first day of the week, called Sunday," etc. By said section it is also provided that any person violating said section shall be guilty of a misdemeanor, and, upon conviction, fined in the sum of not less than $25 nor more than $50 for each offense.

Acts 1907, p. 639, c. 185, amended the game laws of the State, and in the caption of the latter act one of the objects expressed is "to provide speedy trials before a justice of the peace of persons arrested for violation of the game, fish or forestry laws."

Section 3 of this act provides that any person arrested for a violation of the game, fish, and forestry laws of the State shall be taken without delay before some justice of the peace, who shall hear the evidence and decide the case, and, if the person or persons so tried shall be found guilty, then the justice of the peace shall impose the fine fixed by law, and any person so fined shall have the right of appeal to the criminal or circuit court, upon giving security for the amount of the fine imposed and costs, or taking the pauper's oath and giving an appearance bond. This section further provides that nothing therein shall be construed to prevent the State war-

den from exercising the authority already conferred by law by section 6, c. 515, p. 1160, Acts 1905.

By section 18 of the act of 1907 it is provided:

"That all moneys arising from fines, forfeitures or prosecutions under any law for the protection of the game, the birds, the fish, or the forests of Tennessee now existent or hereafter enacted, shall be paid to the department of game, fish and forestry, which department shall apply so much thereof as may be necessary to the payment of the expenses of collecting the same and shall pay half of the balance, not exceeding $50 in any one case, to the warden upon whose information or at whose instance the action was brought. The balance of such receipts shall be available for expenses in enforcing the various provisions of law for the protection of the game, the birds, the fish and the forests, and the department shall make a full report to each legislature of all such receipts and disbursements."

It should have been stated that by Acts 1905, p. 1159, c. 515, which was amendatory of the act of 1903, it is provided that "prosecutions and actions for penalties under this act or any other law for the protection of game shall be in the name of the State of Tennessee, and must be brought on the order of the State warden, or a warden appointed by the department of game, fish and forestry."

Having thus quoted the important provisions of the game laws bearing on the question now before the court, we proceed to state our conclusions.

State v. Sexton.

1. The offense denounced by section 6, c. 169, p. 376, Acts of 1903, "of having in possession in the open air the implements for shooting on the first day of the week, called Sunday," is embraced within the purview of the title of said act prohibiting "shooting on Sunday." The offense of having in possession shooting implements in the open air on Sunday is germane to the caption of an act providing for the protection of game in the State of Tennessee and to regulate the shooting, etc., thereof, and to prohibit shooting on Sunday. Acts 1907, p. 639, c. 185, was an amendment to chapter 169, p. 374, Acts of 1903, and the amendment is within the title of the original act. *Goodbar* v. *Memphis,* 113 Tenn., 20, 81 S. W., 1061.

2. The mode of procedure provided by chapter 185, p. 639, Acts of 1907, which authorized justices of the peace to impose fines for a violation of the act, with the right of appeal guaranteed to the defendant, is valid and constitutional.

3. The act of 1907 does not violate the guaranty of the Bill of Rights that "the right of trial by jury shall remain inviolate." This provision of the Bill of Rights has been uniformly construed to protect the right of jury trial as it existed at common law. *Trigally* v. *Mayor,* 6 Cold., 382; *Marler* v. *Wear,* 117 Tenn., 244, 96 S. W., 447; *McGinnis* v. *State,* 9 Humph., 43, 49 Am. Dec., 697; *State* v. *Maze,* 6 Humph., 17.

In *Trigally* v. *Mayor,* supra, it was said:

"Before the constitution, divers actions between private persons and prosecutions by the State for small offenses were triable without a jury. . ·. . Hunting, fishing, fowling, gaming, playing on the Lord's day, were punishable by a fine of ten shillings proclamation money. Cursing or swearing by common persons was punishable by fine, two shillings and sixpence for every oath. Cursing or swearing by public officers was punished at the rate of five shillings for each and every oath. Getting drunk on Sunday was fined five shillings; on any other day only two shillings and sixpence. . . . These examples are enough to show that, before the constitution, punishments might be inflicted for small offenses without the intervention of a jury, and that the proceedings might be summary and speedy and efficient. Acts of the legislature authorizing proceedings in the like manner for the punishment of small offenses were continued to be enacted after the formation of the constitution of 1796." *State* v. *Glenn*, 54 Md., 572; *State* v. *Anderson*, 40 N. J. Law, 224; *Ex parte Marx*, 86 Va., 40, 9 S. E., 475; *Inwood* v. *State*, 42 Ohio St., 186.

4. We are further of opinion that section 3 of the act of 1907, providing for the trial and punishment of offenders against the game law before a justice of the peace, is not violative of section 14 of the Bill of Rights, which declares that "no person shall be put to answer any criminal charge but by presentment, indictment or impeachment." This question was decided in *McGinnis*

v. *State,* 9 Humph., 43, 49 Am. Dec., 697, wherein it was
held:

"The rule that statutes are to be construed in reference to the principles of the common law is alike applicable to a provision of the State constitution and for the same reason; and therefore the sixth and fourteenth sections of the Bill of Rights were merely designed to secure the mode of prosecution in cases of felony and of trial by jury as they respectively existed at common law, and the term 'criminal charge' of the latter section was not intended to comprehend misdemeanors." *Trigally* v. *Mayor,* supra.

In *Hogan* v. *Chattanooga,* 2 Shannon's Cas., 339, it was held:

"Misdemeanors are not within the meaning of the fourteenth clause of the Bill of Rights, ordaining that no person shall be put to answer any criminal charge, except by presentment, indictment, or impeachment, nor within the clause ordaining that the right of trial by jury shall remain inviolate." *Henley* v. *State,* 98 Tenn., 706, 41 S. W., 352, 361, 39 L. R. A., 126; Bishop's New Criminal Procedure, vol. 1, sec. 892.

It will be observed that section 3, c. 185, p. 640, Acts of 1907, under which the punishment in the present case was inflicted, provides simply for the assessment of the fine, and it is unnecessary to decide whether an offense punishable both by fine and imprisonment can be prosecuted by a warrant before a justice of the peace. The Act of 1907 has provided a cheap and ex-

peditious remedy by fine before a justice of the peace for violation of the game laws of the State.

We are therefore of opinion the circuit judge was in error in quashing the warrant, and his judgment is reversed and the cause remanded for trial.