W. T. HAYES *v.* THE STATE.

(*Nashville.*   December Term, 1921.)

1. **INTOXICATING LIQUORS.** Evidence held not to prove possession of liquor received from a carrier.

Evidence of defendant's possession of intoxicating liquor in his residence *held* not to sustain conviction for having possession of intoxicating liquor received from a carrier in violation of Acts 1917, chapter 12, in the absence of evidence that he received the liquor from a carrier, since the defendant might have manufactured the liquor himself or might have personally transported it to his residence.   (*Post, pp.* 631.)

Acts cited and construed:  Acts 1917, ch. 12.

2. **INDICTMENT AND INFORMATION.** Defendant charged with having possession of liquor received from a carrier could not be convicted of manufacturing liquor or transporting it personally.

A defendant charged with having possession of liquor received from a carrier in violation of Acts 1917, chapter 12, could not be convicted of manufacturing the whisky or of personally transporting it to his residence.   (*Post, p.* 631.)

3. **INDICTMENT AND INFORMATION.** Defendant cannot be convicted for an offense with which he is not charged.

A defendant cannot be convicted for an offense with which he is not charged.   (*Post, p.* 631.)

Case cited and approved:  Holt v. State, 107 Tenn., 539.

4. **INTOXICATING LIQUORS.** Possession of quart of whisky in one's residence not an offense,

The bare possession of one quart of whisky in one's residence is not an offense.   (*Post, p.* 631.)

FROM DAVIDSON.

Error to the Criminal Court of Davidson County.—HON. J. D. B. DE BOW, Judge.

J. H. ACKLEN and EUGENE MCSWEENEY, for plaintiff in error.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE GREEN delivered the opinion of the Court.

The State submitted this case on one count of an indictment which charged that defendant "unlawfully did then and there possess certain intoxicating liquors received by him in the State and county aforesaid after February 2, 1917, directly or indirectly from some common or other carrier."

Evidence was introduced, and the defendant found guilty and assessed with a fine of $100. Defendant appealed in error to this court.

There appears to have been a stipulation of facts, which was all the evidence in the case, and was as follows:

"That defendant, W. T. Hayes, had in his residence in Nashville, Davidson county, Tenn., on the —— day of August, 1921, one quart of white corn whisky, which had been in his possession for about one week."

Chapter 12 of the Acts of 1917, known as the Bone Dry Law, makes it unlawful: (1) To receive intoxicating

liquors from a common or other carrier; (2) to possess intoxicating liquors received from a common or other carrier; (3) for a common carrier or person to ship or transport intoxicating liquors; and (4) for any person to personally transport intoxicating liquors.

There are certain exceptions to these provisions contained in the act which are not material to this investigation.

It will be seen from the stipulation that the State only proved the possession by the defendant in August, 1921, of one quart of whisky, which had been in his possession about a week. Defendant was charged with the unlawful possession of intoxicating liquors received by him from a common or other carrier, and with this alone.

The evidence is not sufficient to sustain the conviction upon this indictment. Defendant might have manufactured the whisky himself or he might have personally transported it to his residence. He is not charged with either of these offenses, and he cannot be convicted for an offense with which he is not charged. *Holt* v. *State,* 107 Tenn., 539, 64 S. W., 473.

The bare possession of such a quantity of liquor in one's residence is not an offense under the laws of Tennessee. It may be evidence of a transgression against some of our liquor laws, but the possession of liquor *per se* under the circumstances appearing is not denounced by our statutes.

The judgment of the trial court must accordingly be reversed.