COLLINS READY *v.* THE STATE.*

*(Nashville.* December Term, 1926.)

Opinion filed January 29, 1927.

1. **CRIMINAL LAW.  Misdemeanor.   Indictment.   Pleading and practice.**

A misdemeanor is not a criminal charge in the constitutional sense, and is not governed by the constitutional guarantees relating to an accused, charged with a felony; and the same exactness is not required in indictments for minor offenses. (Post, p. 15-17.)

Citing: Article 1, sections 9 and 16, Constitution of Tennessee.

Citing: McGinnis v. State, 9 Humph. (Tenn.), 43; Bloomer v. State, 3 Sneed (35 Tenn.), 66; Hogan v. Chattanooga, 2 Shannon's Cases, 340; Trigally v. Memphis, 6 Cold. (46 Tenn.), 387; Foust v. State, 12 Lea (80 Tenn.), 405; State v. Sexton, 121 Tenn., 35; 31 Corpus Juris, 687;

Citing and distinguishing; Pope v. State, 149 Tenn., 176.

2. **SAME.   Transporting intoxicating liquor.**

The inhibiting of the transportation of intoxicating liquor by Acts 1917, chapter 12, section 4, does not forbid movement of such by person within the limit of his own premises. (Post, p. 18-19.)

Citing: Kizer v. State, 140 Tenn., 594; Com. v. Waters, 77 Mass., 81.

---

*Headnotes 1. Indictment and Information, 31 C. J., section 221; Intoxicating Liquors, 33 C. J., section 452; 2. Intoxicating Liquors, 33 C. J., section 197.

---

FROM RUTHERFORD.

---

Appeal from the Criminal Court of Rutherford County.—HON. JOHN E. RICHARDSON, Judge.

WILKES COFFEY, JR., for plaintiff.

The Attorney-General, for State.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The plaintiff in error has appealed from a judgment entered against him pursuant to a general verdict on an indictment containing three counts, as follows:

First, receiving intoxicating liquors; second, possessing intoxicating liquors, and, third, transporting intoxicating liquors "from one point to another within the State of Tennessee, to-wit, from a certain point in the county of Rutherford, State of Tennessee, to another certain point in the county of Rutherford, State of Tennessee, against the peace and dignity of the State."

The court overruled the motion of the plaintiff in error to quash said third count because it failed to charge from what point to what point the intoxicating liquors were transported, or that the same was unknown to the grand jurors.

In *Pope* v. *State*, 149 Tenn., 176, this same question was raised by a motion in arrest, and the attorney-general admitted and the court intimated that had the question been made by motion to quash it would have been granted. But that was a felony case, while the case under consideration is only for a misdemeanor, and is not governed by article 1, section 9, of the constitution, which provides that in all criminal prosecutions "the accused hath the right to demand the nature and cause of the accusation against him," etc., and article 1, section 14, of the constitution, which provides that "no person shall be put to answer any criminal charge but by present-

ment, indictment or impeachment," for the reason that a misdemeanor is not a "criminal charge" in the constitutional sense. *McGinnis* v. *State,* 9 Humph., 43; *Bloomer* v. *State,* 3 Sneed, 66; *Hogan* v. *Chattanooga,* 2 Shannon's Cases, 340; *Trigally* v. *Memphis,* 6 Cold., 387; *Foust* v. *State,* 12 Lea, 405; *State* v. *Sexton,* 121 Tenn., 35.

In 31 Corpus Juris, 687, it is said:

"Except in so far as the necessity may have been obviated by statutory provisions in indictment for serious offenses, particularly those which at common law are felonies, the averments of time and place must be repeated to every issuable and triable fact, but the same nicety is not required in indictments for minor offenses."

We are of the opinion that the court committed no error in overruling the motion to quash the presentment.

The facts, as shown by the testimony, are substantially as follows:

Two officers testified that about 8:30 one night in October, 1925, they were standing on a street in Murfreesboro, near the home of the plaintiff in error, and saw him leave a buggy that was in his front yard, in which there was another party, enter his house, then go to a coal house or closet in his back yard, and return to the buggy with a glass in his hand; that they went to the buggy and found the glass, which was empty, but it had the odor of white corn whisky, and whisky was dripping from the bottom of the buggy; that they arrested plaintiff in error, searched his house and outbuildings, and found a half gallon fruit jar about half full of whisky in the closet in the back yard.

The plaintiff in error testified that he gave a dance that night at his home, which was attended by more than fifty people, and that they were in the house and all

over the yard; that Joe Brown furnished the music, and left his buggy in his yard; that when Joe was ready to leave he walked to the buggy with him, and, after talking together awhile, Joe asked him to get him a glass of water; that he went in the house and got a glass, then went on the back porch and filled it with water and carried it to Joe; that it did not contain whisky; that he had no whisky on his place that night; that he knew nothing about the whisky in the closet, did not know who it belonged to, or who put it there. He was corroborated by the testimony of Brown and his wife.

The jury fixed the fine of the plaintiff in error at $100, and asked the court to be as "lenient with him as you can."

This court has followed the rule announced in *Kiser* v. *State,* 140 Tenn., 594, to the effect that transporting, under the Act of 1917, meant from one premises to another, in many unreported cases. In that case this court quoted approvingly from the opinion in *Com.* v. *Waters,* 77 Mass., 81, as follows:

" 'From place to place,' as used in Statutes 1855, chapter 215, section 20, prohibiting the transportation of spirituous liquors from place to place in the State, does not mean only from towns, or counties, or such other territorial divisions or districts as have been or may be established by a law or by authority of the commonwealth. It is not every possible removal of spirituous liquors which comes within the statute. If the removal were only on the premises of the owner, or from one to another of his warehouses, or from one to another part of his shop, it would not be from place to place within the meaning of the statute; but the transportation from one place, whether it be a shop, warehouse, railroad depot, or building used for any purpose whatever, of which the owner

has no possession and in which he has no interest, to a store of his own in which he transacts his usual business, is a thing altogether different in itself, and is a transportation from place to place.''

If a person is in lawful possession of liquor he has a right to serve it to his guests, and if he can serve it to them from his table we know of no statute which would prohibit him from serving it to them in his yard. Giving the statute the construction contended for by the State would make one guilty who transported liquor from his pantry to his dining table. If the liquor is held wrongfully then a conviction could be had for unlawful possession.

We are of the opinion that if the plaintiff in error carried a glass of whisky from his house or back yard into his front yard he would not be guilty of transporting. The charge of the court is not sufficiently definite and clear upon this question. The jury seems to have had some misgiving in the case, and, under all the circumstances, we are of the opinion that the plaintiff in error should have a new trial.