STATE OF TENNESSEE *v.* BOB TAYLOR.

*(Nashville,* December Term, 1931.)

Opinion filed July 23, 1932.

NAT TIPTON, Assistant Attorney-General, for plaintiff in error.

E. FORREST SANDERS, JOE MORSE, JR., LEWIS C. PAYNE and DAVID HIMMELSTEIN, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a prosecution for a violation of the game and fish laws, begun by warrant before a magistrate, where the defendant was found guilty and fined $10, from which judgment he appealed to the Criminal Court, exercising a right of appeal expressly conferred by the statute (Sec. 24, Chap. 102, Acts of 1923).

In the Criminal Court, following an order authorizing such a procedure, the Attorney-General filed an information, based on the same charge embraced in the magistrate's warrant.

Defendant moved to quash the warrant and demurred to the information. Both were sustained and the prosecution dismissed. The State appeals.

■ Violation of the Game and Fish law of Tennessee is charged in the warrant. In the affidavit attached to the warrant, supplying the information on which it was issued, hunting without license or tag was specifically charged. The Game and Fish law is therein cited as Section 16, Chap. 51 of the Acts of 1931. This is obviously an error, as the act cited had not then been passed. The charge will be referred to the offense described in the warrant, made such by Sections 12 and 13 of Chap. 102, Acts of 1923, at the time in force. While counsel in their brief in this Court make reference to this inaccuracy, the question was not made on the motion for a new trial, and may not therefore be considered here.

Section 24, Chap. 102, of the Acts of 1923, is as follows:

"Sec. 24. *Be it further enacted,* That when any person shall be arrested for any violation of the game and fish laws of the State that now exist, or may hereafter be enacted, it shall be the duty of the Warden or deputy warden making or causing the arrest to take the person so arrested before a justice of the peace for trial; and if before such justice of the peace the accused shall be found guilty, he shall have the right to appeal to the Criminal Court having jurisdiction of such appeals, upon giving security for the amount of the fine and imposed costs."

■ Pursuant to this statute, the defendant is secured a trial by jury on his appeal to the Circuit Court. No additional steps are called for, either by presentment or indictment or information. The prosecution is on the charge made in the warrant.

■ The question now made was, in effect, decided in *State* v. *Sexton,* 121 Tenn., 35. In passing on a similar provision authorizing justices of the peace to impose

fines for violation of the game law then in force, and providing for an appeal, the procedure was held to be valid and constitutional, and not violative of Sec. 14, Art. 1, which declares that "no person shall be put to answer any criminal charge but by presentment, indictment or impeachment." The Court held that misdemeanors punishable by fine only in amounts less than fifty dollars are not within this clause of the Constitution, "nor within the clause ordaining that the right of trial by jury shall remain inviolate," citing *Henley* v. *State,* 98 Tenn., 706, 41 S. W., 352, 361, 39 L. R. A., 126; Bishop's New Criminal Procedure, Vol. I, Sec. 892.

Finding that the trial Court was in error in sustaining the motion to quash the warrant, it becomes unnecessary to discuss the cumulative proceeding by information. The case will be reversed and remanded for a trial by jury.