PAYNE *v.* STATE.

(*Knoxville*, September Term, 1936.)

Opinion filed October 10, 1936.

D. A. VINES, of Johnson City, and O. H. WILSON and E. E. GARLAND, both of Mountain City, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

Defendant was taken under a magistrate's warrant charging him with the offense of dynamiting fish. The magistrate undertook to fine defendant $150, and the latter appealed to the circuit court. In the higher tribunal he was tried before the court and a jury, found guilty, and assessed with a fine of $100. From the circuit court judgment defendant has appealed in error to this court.

The warrant issued by the magistrate was perhaps based on section 5167 of the Code, making it a felony to dynamite fish. This section of the Code, however, was superseded by chapter 51 of the Acts of 1931. Section 49 of the Act of 1931 provides:

"That it shall be unlawful for any person, firm or corporation to capture, kill or wound any fish in any of the streams, rivers, lakes, bayous or ponds in this State by means of poison or explosive. Any violation of this Section, upon conviction, is punishable by a fine of not less than One Hundred ($100.00) Dollars nor more than Three Hundred ($300.00) Dollars."

As will be seen, the section of the act of 1931 just quoted covers the offense of dynamiting fish and, under proper procedure, punishment of such offense may be accomplished.

The procedure followed below was doubtless adopted by reason of the provisions of section 5153 of the Code, section 24 of chapter 102 of the Acts of 1923. That section is in these words:

"When any person shall be arrested for any violation of the game and fish laws it shall be the duty of the

warden or deputy warden making or causing the arrest to take the person so arrested before a justice of the peace for trial; and, if before such justice of the peace the accused shall be found guilty, he shall have the right to appeal to the circuit or criminal court having jurisdiction of such appeals, upon giving security for the amount of the fine and imposed costs."

Chapter 51 of the Acts of 1931 is a general game and fish law, as was chapter 102 of the Acts of 1923. Apt reference to the substance of earlier game and fish laws is made both in the title and in the body of the act of 1931. Section 52 of the act of 1931 provides:

"That all Acts of the General Assembly in effect up to and at the time of the passage of this Act, either Public or Private Acts relating to wild animals, wild birds, wild fouls and fish, being in conflict with this Act, and the same are hereby repealed, insofar as they conflict, provided this Act shall not repeal any special Acts relating to Reelfoot Lake."

An examination of chapter 51 of the Acts of 1931 discloses no provision conflicting with section 5153 of the Code, section 24 of chapter 102 of the Acts of 1923, when the section last named is properly limited. We are of opinion, accordingly, that prosecution for a violation of the fish and game laws, now embodied in chapter 51 of the Acts of 1931, may still be maintained before a justice of the peace in so far as the justice's jurisdiction is not limited by the Constitution.

■ Jurisdiction of misdemeanors punishable by fine in amounts less than $50 may be properly conferred on justices of the peace. *State* v. *Taylor*, 165 Tenn., 72, 52 S. W. (2d), 169; *State* v. *Sexton*, 121 Tenn., 35, 114 S. W.,

494; *Henley* v. *State,* 98 Tenn., 665, 706, 41 S. W., 352, 1104, 39 L. R. A., 126.

Many offenses punishable by a fine less than $50 are ordained by chapter 51 of the Acts of 1931. Prosecution of such offenses is cognizable by a justice of the peace under section 5153 of the Code. So construed, there is nothing in this section of the Code which conflicts with the provisions of chapter 51 of the Acts of 1931.

 As heretofore seen, however, the offense of killing or wounding fish by explosives is punishable by a fine of not less than $100 nor more than $300. To construe section 5153 of the Code as justifying prosecution for such offense before a justice of the peace would not only render that section of the Code unconstitutional (article 6, section 14), but would render said section of the Code incompatible with the act of 1931 and therefore in conflict with the latter act.

It follows that this proceeding was conducted in a form not sanctioned by the law and the judgment of the criminal court must be reversed, with the suggestion that the District Attorney General may prefer an indictment against defendant.