WALLER *v.* STATE.

(*Nashville,* December Term, 1941.)

Opinion filed April 4, 1942.

J. W. RUTHERFORD, of Nashville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a conviction of unlawful possession of intoxicating liquor, with punishment fixed at a fine of $100 and thirty days in the county workhouse. It is assigned as error (1) that there is no evidence to support the verdict, and (2) that the Court erred in admitting certain testimony of a witness for the State.

Officers with a search warrant entered a three room dwelling in Nashville, two bedrooms and a kitchen, and found white corn whiskey in quantity "more than a quart and less than a gallon in a tin can, which can was

found in the basket of clothes in the kitchen." The officer testified for the State that he knew this dwelling house "to be occupied by defendant, Onie Waller, and her husband, whom they did not know, nor had ever seen." He further testified that there were several people in the house and "there were some whiskey glasses on the kitchen table." The defendant was present at the time, but the record does not disclose anything with regard to the whereabouts of the husband.

The defendant testified that she was a colored woman who lived with her husband at 1409 Kirk Street in Nashville, and that they sub-rented two of the three rooms, that she occupied with her husband the front room, and an elderly woman, Dora Pearson, slept in the kitchen, and a man boarder, Monroe Fitzgerald, a hotel employee, occupied the middle room of the house. That the roomers all used the kitchen. She denied that she was the owner or the possessor of the liquor found, or knew the whiskey was in the house; she denied selling liquor, and testified that she had been in the house only a few minutes, having just arrived from an overnight visit with a sister-in-law. She testified that she had never been convicted of any offense; that she was assisting her husband in maintaining herself by taking in washings.

On cross-examination, she denied that, in a previous raid by the same officers, she had been caught pouring out a quantity of whiskey through a hole in the floor of the same house. She admitted that she was arrested by these officers in a former occasion, but was acquitted in the City Court.

The officer was recalled and testified that on a previous raid of this home of the defendant, he saw her pouring out whiskey through a hole in the kitchen floor and

grabbed the container about the time it was emptied. He stated that she had not been convicted in the City Court. He did not say whether or not she was tried.

It is said that the evidence preponderates against the verdict. The offense was proven to have been committed, but the insistence seems to be that the evidence does not connect this defendant with the possession of the whiskey.; that, although found in her kitchen, hid in a basket of clothes, she occupied the house together with her husband, and the legal presumption fixed the possession in him, as the head of the house, relying on *Crocker* v. *State,* 148 Tenn., 106, 251 S. W., 914.

We distinguished the Crocker case, which was a prosecution under Chapter 2, Acts of 1917, for keeping liquor for sale, in *Johnson* v. *State,* 152 Tenn., 184, 274 S. W., 12, and held that, ''although the mere location of intoxicating liquor on premises owned by the husband and jointly inhabited by the wife would not be sufficient to support a conviction of her for possessing,'' the ''active exercise by her of acts of possession and control'' over the liquor would bring her within the condemnation of the law. That defendant, Maggie Johnson, resided with her husband on the premises where the liquor was found, but the proof showed she was at the time of the raid in manual possession and control of the liquor, and attempted to conceal it, and this proof fastened guilt of possession on her. It was said in that case that a woman, although married, especially since our emancipation legislation, is ''to be regarded, in the contemplation of our criminal statutes, as an independent entity.''

In the instant case, did the testimony afford circumstantial evidence to the jury of the defendant's control of the liquor found? In the first place, while it appears

that her husband occupied the house with her, it was she who was present at the time, and he appeared neither at that time nor later. While technically there, he was not personally present. The liquor was found concealed in a basket of clothes in the kitchen—a place over which the woman of the house commonly and naturally more probably exercises direct control. In the next place, the liquor glasses on her kitchen table would indicate her knowledge and participation in the use being made of the liquor. And, finally, the arresting officer testified to having on a previous raid shortly before found her actively handling liquor and attempting to conceal it from the officers, as in the Johnson case.

Now it is insisted for the State that this was strong circumstantial evidence of the relationship of the defendant to this offense, in accordance with the rule that guilty knowledge and intent may be proven by evidence that the defendant committed, or attempted to commit, a similar offense on a previous occasion. This rule and the admissibility of evidence of former like offenses for the purpose of showing intent and guilty knowledge is discussed by Mr. Justice NEIL at length in *Sykes* v. *State,* 112 Tenn., 572, 82 S. W., 185, 105 Am. St. Rep., 972; and *Payne* v. *State,* 112 Tenn., 587, page 588, 79 S. W., 1025; and see *Britt* v. *State,* 28 Tenn. (9 Humph.), 31, and *Mays* v. *State,* 145 Tenn., 118, 141, 238 S. W., 1096. It is said for the State that the jury might well have deduced from the fact of her active exercise of control over other liquors on the same premises shortly before, under like conditions that she was continuing in such control and possession.

But, again, it is plausibly said for the State that this conviction for this misdemeanor may be rested

on another theory. The rule invoked is thus stated in *Holt* v. *State*, 107 Tenn., 539, 540, 64 S. W., 473: "It is usual and entirely permissible for the state, in a prosecution for the unlawful carrying of a pistol, for gaming, or for the unlawful sale of liquor, *to introduce evidence of any number of violations not barred; and that, too, though the presentment or indictment have but a single count, and charge but one violation, as in this instance.*" (Italics ours.)

This case, approved in numerous others (see Shannon's Annotations, Vol. 2, p. 2221), confined the rule to misdemeanors, and was reversed for refusal of the trial Judge to require the State to elect, it being emphasized that *whenever demanded* the State must specify the particular offense for which conviction is sought. It is also made clear that there cannot be a separate conviction for every infraction proven. In the instant case, which comes directly within the rule, there was no effort to have the State elect as between the two offenses proven. The rule is, of course, subject to the limitation that an accused "cannot be convicted for an offense with which he is not charged." *Hayes* v. *State*, 145 Tenn., 629, at page 631, 237 S. W., 1104, 1105, citing *Holt* v. *State*, *supra*. Here the defendant was charged with the offense of possessing, of which she was convicted. And whatever may be said of the sufficiency of the evidence of her guilt, as distinguished from that of her husband or others on the premises, on the occasion first testified about, there can be no doubt that she was proven positively to have been guilty on the former occasion described by the officer, which was well within the statutory period.

What has been said disposes of the point raised by the second assignment, that this evidence of another like offense was inadmissible.

The record shows that on the trial of the case, the State recalled witness Marsharello to the stand for rebuttal, when the following occurred: "Mr. Marsharello, did you on a previous occasion raid the home of this defendant, and see her pouring out some whiskey through a hole in the kitchen floor? At this point the defendant insisted to the Court that the question asked was highly incompetent as a collateral matter in which the State was bound by the defendant's answer. The Court was pleased to overrule the objections, whereupon, the witness testified that on a former occasion, from 6 to 10 weeks previous to this case, he went to the same house and saw Oney Waller pouring some whiskey through a hole in the kitchen floor, he grabbing the container about the time it was empty, that she was not convicted in the City Court, and that the house was in Davidson County, Tennessee."

It will be observed that the sole ground of objection raised for the defendant was, "that the question asked was highly incompetent as a collateral matter in which the State was bound by the defendant's answer."

No objection was raised to the testimony because given in rebuttal, and no objection was raised on the ground that it was proof of a separate and independent offense. The argument made in this Court of inadmissibility on these grounds is, therefore, not in order. Moreover, the evidence was not only admissible on the grounds hereinbefore stated, but it was clearly admissible for the purpose of contradicting and to that extent impeaching the defendant, thus affecting her credibility as a witness who had taken the stand and testified in her own behalf. And not only was no objection made at the time, which the

rule requires, on the ground that this was rebuttal testimony, but this matter of procedure was one well within the discretion of the trial Judge.

We find no reversible error and the judgment is affirmed.