TROXELL *et al. v.* STATE.

(*Knoxville,* September Term, 1942.)

Designated for publication December 21, 1942.

W. H. Buttram, Jr., of Huntsville, for plaintiffs in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

This appeal is from a conviction of possessing intoxicating liquor with a fine of $100 and a jail sentence of sixty days each. The Sheriff testified that he found fifteen pints and eighteen half pints of whiskey beneath the counter under the floor of a place operated by the defendants as a tourist camp, or filling station. Defendants did not testify and rely upon alleged defects in the search warrant under the authority of which the Sheriff acted. On the trial counsel for defendants objected to the evidence of the Sheriff and his objections were overruled by the trial Judge and the testimony admitted. It is of this action of the trial Judge that he complains in this Court.

Looking to the bill of exceptions, we find that the objections to the search warrant raised on the trial were (1) that "it was not sworn out by the Sheriff, but by a Deputy", and (2) that "the body of the search warrant, the way it was written and purportedly sworn to, invaded the constitutional rights of the defendants." Neither of these objections were well made. The fact that the affidavit was sworn to by a Deputy Sheriff, rather than by the Sheriff who served the search warrant, in no wise affected its validity. The second objection is too indefinite and too general. It in no way specifies the respect in which the search warrant "invaded the constitutional rights of defendants".

386

The foregoing are the sole grounds of objection specified on the trial of the case, and to these objections plaintiffs in error are confined on this appeal.

In the early case of *Ewell* v. *State*, 14 Tenn. (6 Yerg.), 364, 27 Am. Dec., 480, Judge Catron announced the rule that exceptions to the competency of testimony came too late after the verdict, and this holding has been approved in numerous cases. In *Richmond* v. *Richmond*, 18 Tenn. (10 Yerg.), 343, 346, Judge Green reaffirmed this rule, citing *Ewell* v. *State* and emphasizing that exceptions to the admissibility of evidence must not only be made on the trial of the case and before the verdict, but must be specific, and that only such objections as were thus specified could be relied on in the Appellate Court. And see *Sharp* v. *Wilhite*, 21 Tenn. (2 Humph.), 434, 437, and *Heatherly* v. *Bridges*, 48 Tenn. (1 Heisk.), 220, 223, to the same effect. In *Baxter* v. *State*, 83 Tenn. (15 Lea), 657, at pages 664-666, Chief Judge Deaderick discusses the question at some length, holding that general objections are insufficient. He said that parties "may admit illegal evidence, if they don't choose to object. If they do not want to admit it, they should object as soon as it is offered, or its illegality appears." The latest expressions on this subject will be found in *Waller* v. *State*, 178 Tenn., at page 515, 160 S. W. (2d), 404, and in *Tennessee Oil Co.* v. *McCanless*, 178 Tenn., at page 703, 162 S. W. (2d), 1081, at page 1082, where Chief Justice Green cites *Heggie* v. *Hays*, 141 Tenn., 219, 208 S. W., 605, for the general rule that relief will not be granted as to matters not presented on the trial.

On the trial of the case the defendants introduced the Magistrate in an attempt to impeach the affidavit. In the first place, this practice is condemned by this Court, it being held in numerous cases that the alleged

falsity of the averments in the affidavit could not be shown by oral testimony on the trial and made the basis of attack. See *Bragg* v. *State,* 155 Tenn., 20, 290 S. W., 1; *Reed* v. *State,* 162 Tenn., 643, 39 S. W. (2d), 749; and *Harvey* v. *State,* 166 Tenn., 227, 60 S. W. (2d), 420. Moreover, we are unable to find in the testimony of the Magistrate any substantial ground for this alleged attack upon the affidavit. The judgment is affirmed.