LASATER *v.* STATE.

(*Nashville,* December Term, 1949.)

Opinion filed July 15, 1950.

W. B. WILLIAMS, of Lebanon, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

The plaintiff in error has appealed from a conviction under a three count indictment: (1) of receiving "directly and indirectly intoxicating liquors for personal use", (2) unlawful possession of intoxicating liquors, received after February 17, 1917, and (3) unlawful transportation "into this State and from one point to another within this State etc. intoxicating liquors for personal use". It appears from the record that the jury found him "guilty as charged of the offense of unlawful possession and transportation of whisky" and assessed a fine of $200. The trial judge pronounced judgment that he pay the fine and costs and "serve a sentence of ninety days in jail".

The assignments of error are: (1) There is no evidence to support the verdict of the jury. (2) The evidence preponderates against the verdict and in favor of the innocence of the defendant. (3) There is no evidence to show or indicate in any manner that the defendant received the intoxicating liquors in question and there is no evidence to show or indicate in any manner that the defendant had transported the liquor in question from one premises to another. (4) Because the Assistant Attorney General made prejudicial statements in his argument to the jury, over defendant's objection, the effect of which was a criticism of the defendant for not testifying in the case.

The undisputed facts show that certain officers of the law, armed with a valid search warrant, went to the home of the defendant and there found upon the premises a gallon of "moonshine whisky". The defendant was seen to hand to the officer, James Fowler, the whisky in question. There was located on the premises a house where defendant lived and another house about 200 yards from the residence in which was found a complete still set up, nine barrels of mash and a small quantity of whisky. There was a "slick path" leading from the residence to the house in which the still was found.

Counsel for the defendant, in support of his insistence that there is no evidence to support the verdict, says "there is no evidence that defendant received the liquor in question but the overwhelming evidence is that he manufactured or had it manufactured for him". We pretermit the consideration of any issue except that which involves the crime of "possession and transportation".

Great stress is laid upon the opinion of this Court in *Hayes* v. *State*, 145 Tenn. 629, 237 S. W. 1104, in which it was held "evidence of defendant's possession of intoxicating liquor in his residence" was not sufficient "to sustain conviction for having possession of intoxicating liquor *received from a carrier* in violation of the Acts of 1917, c. 12, in the absence of evidence that he received the liquor from a carrier, since the defendant might have manufactured the liquor himself or might have personally transported it to his residence."

The cases dealing with the possession of whisky under the provisions of Chapter 12 of the Acts of 1917, and especially *Hayes* v. *State*, supra, called for a modification of the statute by the Code Commission of 1932. In the

enactment of the Code of 1932 the Commission modified the Acts of 1917 to read as follows, Section 11216: "*Unlawful to possess intoxicating liquors.*—It shall be a misdemeanor for any person to possess intoxicating liquors including wine, ale and beer, received since March 1, 1917, whether intended for personal use or otherwise. (Ib., Section 2; 1925, ch. 22, sec. 1, Modified.)"

The Acts of 1917 made it unlawful to transport whisky into the State and also for any person to receive or possess such liquors. It was held in *Kizer* v. *State,* 140 Tenn. 582, 205 S. W. 423, 424, that the Act "was intended to cover every phase of the handling of intoxicants except as otherwise indicated in the statute."

 It is urged upon us with much zeal and ingenuity that there is no evidence of "transportation", that the transporting of the gallon of whisky from the out-house, where the still was located, to the residence was not unlawful, citing and relying upon *Ready* v. *State,* 155 Tenn. 15, 290 S. W. 28. But the guilt of the defendant in the case at bar does not rest alone upon the charge of unlawful *transportation,* the real gravamen of the crime is that of *possession,* which is made unlawful by Code Section 11216. While the indictment charges "unlawful possession and transportation" the State's case does not fail because of a failure to prove some form of transportation. If we should follow and adopt the ingenious argument of counsel it would result in authorizing the possession of whisky in plain violation of the statute. The cases of *Hayes* v. *State, Ready* v. *State* and other cases relied on by plaintiff in error were decided prior to the modification of the Acts of 1917 by the official Code of 1932, and the Section which we think is applicable to this case, and hence are not controlling.

■ In response to the fourth and last assignment of error relating to the improper argument of the State's counsel the record shows the following:

"Gen. Hagan: Now I submit to the intelligence of you gentlemen that the proof as to where the whisky came from and all that kind of thing is peculiarly within the knowledge of this defendant.

"Mr. Williams: I except to that, your Honor.

"The Court: Wait a minute—

"Gen. Hagan: I said he knows where the proof is.

"The Court: Mr. Attorney General, I am of the opinion that that statement is too close to the rule. Gentlemen, let me charge you: I instruct you at this time that no inference of guilt can be indulged, or presumption of guilt, because the defendant failed to testify. He does not have to testify unless he wants to. He can rely on his presumption of innocence, and the Attorney General cannot, and will not of course, refer to the fact that he failed to testify. The Supreme Court has said the prosecuting attorney may refer to the fact the defendant has offered no evidence, if that be true."

From the foregoing charge by the trial judge we find no prejudice to the plaintiff in error upon which to base an assignment of error.

The several assignments of error are overruled and the judgment of the trial court is affirmed.

All concur.