SPICER *v.* STATE.

*(Jackson,* April Term, 1952.)

Opinion filed July 11, 1952.

RHODES & MONTGOMERY, of Paris, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error was arrested upon a magistrate's warrant charging him with a violation of the fishing laws of the State, he being fined by the magistrate, and seasonably appealed to the Circuit Court where the same fine was assessed by the jury and trial judge. He seasonably perfected his appeal to this Court.

The plaintiff in error is a commercial fisherman. On July 6, 1950 or within 12 months prior to the date of his arrest, he was found fishing with gill nets in Big Sandy Bay; a part of the lake formed by damming up the Tennessee River. His defense is that these nets had been used at Reelfoot Lake for many years by commercial fishermen and that they were lawful. The present case, admittedly, is a test case to determine whether or not commercial fishermen could fish with this type of net in the Tennessee River, its bays and surrounding tributaries. The representatives of the Fish & Game Department of the State found the plaintiff in error fishing with gill nets in the Big Sandy Bay. Admittedly the plaintiff in error caught some fish there with these nets but had only been there a very short time before he was discovered.

The law governing the right of the plaintiff in error to fish in the waters where he was fishing at the time that he was arrested is now found in Sections 5178.89 and 5178.96 of the Supplement to the Code. This is merely the reenactment, verbatim, of the law as it was prior to the adoption of the present supplement.

By Code Section 5178.89, it is made unlawful to take fish by means of several named instrumentalities,

among which is a gill net. By Code Section 5178.96, fishing for the market in the waters of the Tennessee River is permitted and certain methods of fishing instrumentalities are therein provided whose use shall be lawful. This Section provides among other things that:

> "Taking fish from said rivers by means of trammel net, basket, dip nets, set nets, shall be permitted subject strictly to the following terms and provisions, which are generally applicable to the waters and streams of Tennessee: * * *."

Then follows certain provisions whereby the instrumentalities named in the quotation above may be used in the Tennessee River and other bodies of water named in the first paragraph of the Code Section from which the quotation was taken. In this Section, which is the governing section, it is noted that a gill net is not among the instrumentalities whose use is permitted in the waters of the Tennessee River. We therefore have a situation where the use of the gill net is definitely prohibited in this State, Code Section 5178.89, and where its use is not authorized by the latter Section, Code Section 5178.96. For this reason it seems to us that the only import to be given these Code Sections when considered in pari materia is that it is still unlawful to take fish by means of a gill net for market fishing.

 The complaint is also made that the plaintiff in error was convicted without indictment or presentment. Code Section 5153 authorizes the procedure as taken in this case for violation of the Fish & Game laws. Similar and like Statutes have been upheld by this Court in *State v. Sexton*, 121 Tenn. 35, 114 S. W. 494; *State v. Taylor*, 165 Tenn. 72, 52 S. W. (2d) 169.

For the reasons above set forth we must affirm the judgment below with costs.