MORRISON *v.* STATE.

(*Knoxville,* September Term, 1953.)

Opinion filed December 11, 1953.

BURKETT C. McINTURFF and T. A. DODSON, JR., both of Kingsport, for defendant.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

Defendant was found guilty of the unlawful possession of intoxicating liquor, with punishment fixed at a fine of $250 and thirty day jail sentence.

The officers went to the home of the defendant with a search warrant and in a trap door receptacle beneath the wardrobe of the defendant, they found eighteen pints of whiskey. She made no denial of the ownership of the whiskey at the time but remarked that she had been expecting a raid for some time.

Defendant here insists that the verdict and judgment thereon should not stand for the reason that the record shows she was living with her husband in this place at the time of the search. This Court has held that where whiskey is found on the premises of a family, the presumption exists that it belongs to the husband since he is the head of the house. *Crocker* v. *State*, 148 Tenn. 106, 251 S. W. 914.

However, this presumption stands like any other presumption and may be overcome by proof of circumstances indicating a possession on the part of the wife. *Johnson* v. *State*, 152 Tenn. 184, 274 S. W. 12; *Waller* v. *State*, 178 Tenn. 509, 160 S. W. (2d) 404.

Now the jury could have well found that the whiskey was found in a place where the defendant kept her clothes. The testimony is that it was beneath her wardrobe where the whiskey was found. Then, too, we have

the statement that she had been expecting the officers to raid her and the further fact that she made no denial of ownership upon the finding of the whiskey.

In *Crocker* v. *State*, supra, the Court held that the presumption was that the whiskey belonged to the husband even though the wife delivered the whiskey to the customer. In that case, the wife took the stand and denied any connection with the whiskey.

In *Hicks* v. *State*, 1952, 194 Tenn. 351, 250 S. W. (2d) 559 the Court simply held that there was a presumption that the whiskey belonged to the husband even though he was not at home at the time of the search.

■ The presumption disappears when there are facts or circumstances refuting the presumption, or at least it becomes a jury question to decide who owns the liquor.

The defendant offered no evidence in the case.

We find no reversible error in the record and the judgment below is affirmed.