\* NASHVILLE *v.* WILSON.

(*Nashville.*    January 23, 1890.)

1. COSTS.    *Adjudicated upon dismissal of case for want of jurisdiction.*

Our Courts have the power, conferred by statute, to adjudicate all costs upon dismissal of case for want of jurisdiction.    But this power did not exist independently of the statute.

Code construed: §3940 (M. & V.); §3215 (T. & S.).

Cases cited: Taul's Administrator *v.* Collinsworth, 2 Yer., 579; Turner *v.* Farley, 3 Yer., 300; Welsh *v.* Marshall, 6 Yer., 457; Walker *v.* Snowden, 1 Swan, 193; Evans *v.* Shields, 3 Head, 70–75; Cannon *v.* McAdams, 7 Heis., 378; Cartmell *v.* McClaren, 12 Heis., 41–44; Jackson *v.* Baxter, 5 Lea, 344.

Cited and overruled: Walker *v.* Snowden, 1 Swan, 192; Evans *v.* Shields, 3 Head, 70–75; Cannon *v.* McAdams, 7 Heis., 378.

2. ATTACHMENT.    *To enforce lien on realty for municipal taxes, not maintainable.*

Proceedings by original attachment cannot be maintained to enforce lien on land for municipal taxes, where none of the grounds prescribed by law for issuance of such attachment are averred.

Code cited: §4192 *et seq.* (M. & V.); §3455 *et seq.* (T. & S.).

3. SAME.    *Judgment for debt not allowed when attachment fails.*

Judgment for plaintiff's debt will not be rendered, where an original attachment is dismissed, unless there has been service of summons upon the defendant as provided by Act 1871, Ch. 134.

Act construed: Acts 1871, Ch. 134 (Code, §§4203, 4204 (M. & V.).

Case cited: Dougherty *v.* Kellum, 3 Lea, 642.

\* There was no written opinion on original hearing of this case.—REPORTER.

Nashville *v.* Wilson.

4. SUPREME COURT PRACTICE. *Relief refused if not asked or granted below.* Supreme Court will not grant relief that was not asked or granted below, and was sought for the first time on petition to rehear in this Court.

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson County. W. K. McALISTER, J.

J. M. ANDERSON and J. W. GAINES for Nashville.

JAMES L. WATTS *contra.*

FOLKES, J. This case was disposed of at a former day of the term, and is now before us on a motion to retax the costs and modify the judgment heretofore entered herein.

The proper understanding of the motion renders necessary a brief statement of the case. The suit was begun by attachment before a Magistrate to enforce a lien upon certain real estate described in the writ for taxes assessed against the property in favor of the city of Nashville for the year 1886, the amount of the tax so assessed being $18. The Magistrate rendered a judgment sustaining the attachment, and ordered the papers to be "returned to the Circuit Court for condemnation and further proceedings." The Circuit Court, being of opinion that the Magistrate had no jurisdiction to issue

the attachment—none of the grounds of attachment prescribed by § 4192 *et seq.* of the Code being alleged, and Section 54 of the city charter being ineffectual to confer such jurisdiction—dismissed the cause at the cost of the plaintiff, and awarded execution for the same.

The city appealed in error to this Court, where the judgment of the Circuit Court was in all things affirmed, and costs were adjudged against the plaintiff.

The plaintiff now moves the Court to disallow all costs, both in this and the Circuit Court, and if this be refused, then to retax the costs so as to disallow the Magistrate's fee for issuing and the Constable's fee for executing the attachment, and to modify the judgment heretofore entered herein to the extent of giving the plaintiff a judgment for the amount of the taxes due, and for such costs as relate to the issuing and service of summons and the judgment thereon.

Concerning the first branch of the motion the insistence is, that having adjudged that there was no jurisdiction to sustain the proceedings by attachment before the Magistrate, the Court is without jurisdiction to adjudge costs, either for or against the plaintiff.

In *Taul's Administrator* v. *Collinsworth*, 2 Yer., 579 (1831), it was adjudged that "where a cause was dismissed for want of jurisdiction, any bond taken is extrajudicial, and no judgment can be rendered for debt or costs." To the same effect

is *Turner* v. *Farley*, 3 Yer., 300. But this was changed, as to costs, by Act of 1832, Ch. 5, Sec. 2, which is to be found in the (M. & V.) Code at § 3940, in the following language: "Where a suit is dismissed from any Court for want of jurisdiction, or because it has not been regularly transferred from an inferior to a superior Court, the costs shall be adjudged against the party attempting to institute or bring up the cause."

In *Welsh* v. *Marshall*, 6 Yer., 457, it was held that where a cause was dismissed for want of jurisdiction, the judgment must be for costs against the party bringing up the cause, "under the Act of the Assembly." This was in 1834, and, while not mentioned in terms, manifestly referred to Act just quoted.

This would seem to be plain enough, the terms of the statute not admitting of any doubt as to the meaning of the Legislature. But, it is said that since the passage of the Act the Supreme Court of the State has declared the rule to be the same as before the statute. It is true that in *Walker* v. *Snowden*, 1 Swan, 193, Judge Totten, after holding that an effort to remove a cause from the Circuit Court of one county to another, under the statute allowing a change of venue, was ineffectual, concluded his opinion with the statement that "the Circuit Court of Lewis County having no jurisdiction of the cause, it was error to render judgment against the plaintiff for costs; it could only strike the cause from the docket." This was in 1851.

It is likewise true that - in *Evans* v. *Shields*, 3 Head, 70–75, decided in 1859, Judge McKinney, after holding that there was no jurisdiction, for the want of proper parties, closed the opinion with the announcement that, " as regards the costs which have accrued since the return of the report of the jury of view, as well in this as in the Circuit and County Court, no judgment can be rendered for want of the proper parties, and the result is that witnesses and the officers of the Court must be left to seek redress from the parties by whom they were respectively summoned, or for whom they may have rendered service, so far as said parties may be liable by law." And this holding is approved and followed by Judge Deaderick in *Cannon* v. *McAdams*, 7 Heis., 378.

Neither of these three cases refer to the statute under consideration, nor do they discuss the question; they merely announce the conclusion, placing their action upon the same ground that the cases referred to before the statute rested upon. On the other hand, in *Cartmell* v. *McClaren*, 12 Heis., 41–44, it was held that an injunction bill in the Chancery Court of Humboldt (a special Court, having jurisdiction only of causes arising within certain designated civil districts of Gibson County) being dismissed for want of jurisdiction of the case, it was error for the Court thereupon to render a decree upon the injunction bond. In this Court the bill was dismissed for want of jurisdiction in the Chancery Court, and a decree was rendered

here against the complainants and their sureties upon the appeal bond for the costs of this and of the Court below. This was clearly authorized under the statute, though the statute is not referred to in the opinion. The Reporter, however, in a note cites the statute in question. So in *Jackson* v. *Baxter*, 5 Lea, 344, this Court quotes this statute, and upon it authorizes judgment for costs where there was no jurisdiction to render judgment by reason of the failure of the record to show appeal prayed and granted from Magistrate to the Circuit Court.

We hold, therefore, that the statute does authorize the Circuit Court to render judgment for all costs against the plaintiff instituting the attachment suit, and that our judgment heretofore rendered herein for the costs of this and of the Court below is correct. Whatever there is in the cases of *Walker* v. *Snowden*, *Evans* v. *Shields*, and *Cannon* v. *McAdams*, *supra*, which is contrary to this holding on the question of costs, is hereby overruled.

The plaintiff is not entitled to any relief upon the other branch of his motion.

His contention is, that having issued a summons at the time he issued the attachment, he was entitled to a judgment for the amount of the taxes due, notwithstanding his attachment is not sustained, and for costs incident to such summons and judgment.

Of course it is not only competent, but proper,

for the Magistrate before whom a suit is begun by summons or warrant to render judgment for the debt in a case where the attachment, issued at the same time, is quashed for fatal defects; and, in such case, the defendant will be taxed with all costs incident to the warrant and the judgment thereon, and the plaintiff with all costs growing out of the wrongful attachment. *Dougherty* v. *Kellum*, 3 Lea, 642.

The plaintiff in the case at bar does not bring itself within this rule, for the reason that the record fails to disclose that any warrant or summons was issued in this cause requiring or citing the defendant to answer the debt or demand of the plaintiff. The summons in this case was not for the same " cause of action," and was not "in the usual form" of a summons, but was a summons "to plead, answer, or. demur to an attachment this day granted and executed upon [here follows a description of the property attached], said attachment being prayed to enforce a lien for taxes, etc." Doubtless the summons was intended to be such as is provided for in the Act of 1871, Ch. 134, Secs. 1 and 2, to be found in (M. & V.) Code, §§ 4203, 4204, as a means of dispensing with publication and stay of judgment, but it does not follow the statute. Moreover, no judgment for the debt or taxes due was rendered or asked before the Magistrate. The sole effort and purpose, as shown by the record, was to obtain the attachment as a means of enforcing the lien for

taxes given in the charter; and the cause was carried to the Circuit Court, not on appeal to obtain judgment for the taxes, but for the purpose of having the land attached, condemned, and sold.

It is too late now to ask in this Court, for the first time, for a judgment for the amount of the taxes, so as to carry with it, against the defendant, a part of the costs.

The motion to retax the costs and to modify the judgment heretofore rendered is overruled at the cost of the plaintiff.