CURTIS FRESHOUR, Clerk

*v.*

GEORGE F. MCCANLESS, Attorney General, et al.

(*Knoxville,* September Term, 1955)

(May Session, 1956)

Opinion filed June 8, 1956.

Rehearing Denied July 20, 1956.

410

Fred L. Myers and Fred W. Parrott, Newport, for plaintiff in error.

Roy T. Campbell, Jr. and Edward F. Hurd, Newport, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

Chapter 316 of the Private Acts of 1953 created a General Sessions Court for Cocke County. It likewise created the office of clerk of that Court, and fixed the salary of this office, and provided that it be paid by the county and that all the fees of the office should be the property of the county. Chapter 135 of the Private Acts of 1955 increased this fixed salary of that clerk.

Curtis Freshour, who is clerk under that statute of this General Sessions Court, sought to have adjudged unconstitutional, and elided, that provision of these two acts fixing his salary at a specified sum and providing

that all fees of the office should be the property of the county. His insistence was that this provision of these statutes is class legislation violating Article 11, Section 8 of our Constitution.

The demurrer to his petition was sustained. By his appeal in error he renews here that insistence and relies upon *Carmichael v. Hamby,* 188 Tenn. 182, 217 S.W.2d 934; *Freeman v. Swan,* 192 Tenn. 146, 237 S.W.2d 964; and *Anderson v. Maury County,* 193 Tenn. 62, 242 S.W. 2d 81.

In each of the decisions just mentioned the Court was dealing with a statute which created a General Sessions Court in a particular county and provided that the clerk of the Circuit Court should serve as clerk of that General Sessions Court, but should receive a specified salary, with the fees collected in the General Sessions Court going to the county. There is a general law providing that every circuit court clerk in the State is entitled to all the fees of his office until he receives a fixed amount each year during his official tenure, section 8-2402 et seq., T.C.A. This local statute dealt with in each of the above decisions did, of course, suspend that general law by depriving the Circuit Court Clerk in that particular county of these fees to which every other Circuit Court Clerk in the state was entitled under the provisions of the general law carried in the code sections, supra. Each of these statutes, therefore, offended Article 11, Section 8 of our Constitution.

■ There is no general law creating the office of clerk of the General Sessions Court in those counties of the State having such courts. Therefore, the provision in this

statute creating that office for Cocke County does not suspend any general law.

■ The act in question is a special act affecting Cocke County in its governmental capacity. " '* * * the legislature may constitutionally enact a special act affecting one particular county or municipality alone in its political or governmental capacity, provided such special act is not contrary to the provisions of a general law, applicable to all the counties or municipalities' ". *Davidson County v. City of Nashville,* 190 Tenn. 136, 139, 228 S.W.2d 89, 90.

It results that Mr. Freshour's contention that this provision in each of the special acts in question is unconstitutional must be rejected, and the judgment of the Circuit Court affirmed.

On Petition to Rehear.

The statement upon which Mr. Freshour justifies his petition to rehear is this:

"* * * even though his office is created by a Private Act (as a Special Court would have to be created), his compensation is fixed by the General Law, and this law is the one that is being suspended for the benefit of Cocke County."

He refers to Section 8-2403, T.C.A. as the general law which is "being suspended for the benefit of Cocke County".

■ The code section just mentioned fixes the salaries of the Clerks of the following courts:—Chancery, Circuit, Criminal, County and Probate. That code section does not fix the salary of, nor mention, a clerk of a General Sessions Court. Mr. Freshour is mistaken, therefore, in his belief that the general law carried in this code

section is suspended by the Private Act fixing the amount of compensation to be received by the clerk of the General Sessions Court of Cocke County, being a Court created by that Act.

The petition to rehear will be denied.