WILLIAM FRED DURHAM

*v.*

S. W. DISMUKES et al.

(*Nashville,* December Term, 1959.)

Opinion filed March 11, 1960.

On Petition to rehear April 6, 1960.

HAROLD HOWSER and most of the other Members of the Gallatin Bar, Gallatin, for appellant.

GEORGE F. McCANLESS, State Attorney General, JACK WILSON, Assistant Attorney General, for appellee.

W. T. GOODALL, JR., Gallatin, for County Chairman of Sumner County Court.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The Judge of the General Sessions Court for Sumner County has appealed from the decree of the Chancellor declaring Chapter 203, Private Acts of 1957, null and void by reason of its failure to be approved by the voters of Sumner County as required by Article 11, Section 9, of the Constitution of Tennessee.

The General Sessions Court for Sumner County was created by Chapter 481, Private Acts of 1949, and it was under this Act that the complainant was elected Sessions Judge. This Act was amended by Chapter 203 of the Private Acts of 1957 in various particulars. The question of the increase in salary of the Sessions Judge,

as made in this amendatory Act, is not in question here. It is averred in the bill that this amendatory Act of 1957 was submitted to a vote of the people as required by the Act, and it failed to meet the approval of the people of Sumner County. It is the contention of the Sessions Judge that this Act (Chapter 203, Private Acts of 1957) was not "private or local in form or effect" and thus it was not necessary that it be submitted to a vote of the citizens of the county, and that it became, and is, effective despite the failure of the citizens of the county to approve it.

The defendant, Attorney General for the State, and the Judge of the County Court take the position that the Sessions Court as originally created by the Acts of 1949 is an inferior court, purely for Sumner County, and is not a court for the State of Tennessee, and thus that the amendatory Act of 1957 was an Act private or local in form within the meaning of Article 11, Section 9, the Constitution of Tennessee, and that said Act had to meet the affirmative vote of the people of the county, otherwise when they failed to approve it, it did not become the law. The Chancellor held with the Attorney General and the Chairman of the County Court. From this action of the Chancellor the case has been seasonably appealed, briefed and arguments heard. We now have the matter for disposition.

The able argument is made on behalf of the appellant that the General Sessions Court for Sumner County is an inferior court within the meaning of Article 6, Section 1 of our Constitution, and that by the amendatory Act of 1957 various other duties are imposed upon this court, not included in the original Act, which gave the Sessions Court the power and authority in judicial matters making

452

it a State court. These additional duties as attempted to be conferred upon this court by the 1957 Act say that it shall possess and exercise to the exclusion of the County Judge or Chairman probate and juvenile jurisdiction, as is now possessed by the Chairman of the Quarterly Court. It is thus argued that having this jurisdiction of many things which pertain to State matters that this court is by this Act made a State court and not a local court and that it is unnecessary to comply with Article 11, Section 9 of the Constitution, in submitting the Act to a vote of the people of the county.

It has been held, and it is true, Sessions Courts of the kind are inferior courts within the meaning of the constitutional provision (Art. 6, Sec. 1), but this, as we see the matter, in nowise determines the status of the court insofar as Article 11, Section 9 of the Constitution is concerned.

Because a Sessions Judge is subject to Article 6, Section 7 of the Constitution wherein his salary cannot be increased during his term does not make him a State officer—he is still a county officer. A county official is likewise subject to the mandates of the Constitution.

When the Legislature created the Sessions Court of Sumner County by the Act of 1949, it provided that it should have the same jurisdiction of a Justice of the Peace. This Court in a number of cases involving various counties of the State, and in particular *Hancock v. Davidson County,* 171 Tenn. 420, 104 S.W.2d 824, held that these Sessions Judges, created by these Acts, were merely assuming the judicial duties of the Justices of the Peace for the County. In this case, too, it was held that in the exercise of these strictly judicial functions

the Justice of the Peace is a State officer, but in the exercise of other functions the Justice of the Peace is strictly a county officer, as respects the propriety of county taxation for the payment of services of such officer, as the Justice of the Peace in the county. The Act creating the Sessions Court here is to all intents and purposes the same as the Act creating the Sessions Court for Davidson County. Section 6 of this Act creating this court provides that the costs and fees of the court shall be provided by the county as those provided for the Justice of the Peace.

At nowhere does it appear in the original Act, creating the Sesions Judge herein, or in the amendatory Act, that the Legislature intended to create a court of general jurisdiction, or that it intended to create a court the jurisdiction of which should extend beyond the borders of the county.

This statement becomes more evident when we carefully consider the original Act under which these Sessions Courts were created relative to the expense of operating the court. Section 1 provides that the cost of equipment and maintenance of the court shall be paid out of the general funds of the county. Section 9 provides that the salary of the judge shall be paid out of the general funds of the county.

Thus in view of these provisions we must conclude that the Legislature intended to do no more than to provide a court of limited jurisdiction for Sumner County and that Sumner County should bear the expense of this court and should receive such fees as might be collected in the operation of the court.

We have construed Article 11, Section 9 of the Constitution in the case of *Shelby County v. Hale,* 200 Tenn. 503, 292 S.W.2d 745, 747. In this case we cite and quote this Article of the Constitution, the pertinent portions of which here applicable are:

"* * * any act of the General Assembly private or local in form or effect applicable to a particular county or municipality either in its governmental or its proprietary capacity shall be void and of no effect unless the act by its terms either requires the approval by a two-thirds vote of the local legislative body of the municipality or county, or requires approval in an election by a majority of those voting in said election in the municipality or county affected."

The Act here in question (Chapter 203, Private Acts of 1957) contained this requirement, that is, that the Act be approved by the voters of Sumner County. We have said above why we think this a local Act and applicable to the local people of the county, regardless of the fact that it does have, or the officer who is affected does have, certain badges of a State officer—has certain duties and things to do that a State officer has. Still these badges and these duties do not in themselves make it a State office. The overall duties are applicable to the people of the county alone. The Legislature in its wisdom in viewing these things did not see fit to undertake that the State pay the compensation for the operation of this office, but provided that the operation of the office, salaries of the officials, etc. should be paid by the county. The primary badge of a State officer is that the Legislature provide that the State pay the salary of the office.

■ The Legislature, when it sees and has these things before it, must consider and take into consideration all of the necessities of the State office and make provision that the duties of the officer be state-wide rather than local before it becomes an Act applicable to the whole State. When the Legislature in its wisdom determines that it is a local matter then this should be very persuasive if not binding on the courts. See *State ex rel. Pitts v. Nashville Baseball Club,* 127 Tenn. 292, 154 S.W. 1151; and *State ex rel Weldon v. Thomason,* 142 Tenn. 527, 221 S.W. 491.

We have heretofore determined that the provisions of Article 11, Section 9 of the Constitution of Tennessee, are applicable to legislative acts pertaining to county courts. *State ex rel. Cheek v. Rollings,* 202 Tenn. 608, 308 S.W.2d 393.

In an Act applicable to Cocke County, in determining the applicability to the General Sessions Court of Cocke County in reference to the fees of the clerk of that court, this Court held in *Freshour v. McCanless,* 200 Tenn. 409, 292 S.W.2d 705, that a legislative act relating to this General Sessions Court is a special act affecting the county in its governmental capacity.

This question, so it seems to us, was practically settled many years ago in *State ex rel. Webb v. Brown,* 132 Tenn. 685, 179 S.W. 321, when the Court had before it the questions pertaining to the Juvenile Court of Knox County. The Court at page 690 of the Tennessee Report at page 322 of 179 S.W., said this: the "act that the salary of the judge of the juvenile court should be paid by Knox county, the claim being that official is a state officer, and can be paid for his services alone out of

state funds, * * * we hold that, though a court of record, the juvenile court so created is a county forum, and serves a county purpose.'' The Court then cites Judges' Salary Cases, 110 Tenn. 370, 389, 75 S.W. 1061, to support its reasoning that the probate court of Shelby County, though a court of record is a county court, created for well-recognized county purposes, the presiding judge of which may be paid for his services out of the county treasury.

It has been the accepted feeling among the Bar down through the years that even though these different county judges and inferior courts that operate in counties are given jurisdiction over certain State matters, that unless the Legislature has determined to make them a State court they still, under the Act creating them, are primarily a local court, the need for which is largely left to a vote of the people in the local county.

Thus it is, that for the reasons above set forth we have reached the conclusion that the legislative act in question is an act local in form and effect applicable to Sumner County in its governmental capacity. For this reason it was necessary, as the Legislature did, to submit it to a vote of the people, and the people having voted against the act, it does not, and did not, become operative.

The Attorney General of the State takes the position that even though this Act on its face and for the reasons above set forth is purely of local concern, yet it has broad State interest because it involves an interpretation of the 1953 amendment to Article 11, Section 9, of the Constitution of the State.

On Petition to Rehear

The appellants have filed a courteous and dignified petition to rehear, wherein for the first time the question is raised, under certain statutes as set out in this petition, as to whether or not the salary of the judge in question may be increased.

■ This question did not arise and was not presented to the Chancellor in the lower court and was not, of course, passed on by us in our original opinion. We think the question now presented for the first time by this petition to rehear must be overruled as the only question involved in this lawsuit, and the determinative question, was fully covered by the original opinion.

Thus it is that the petition to rehear is overruled.