Ralph R. Lawler, Appellant,

*v.*

George F. McCanless, Attorney General et al., Appellees.

417 S.W.2d 548.

(*Nashville,* December Term, 1966.)

Opinion filed May 16, 1967.

Petition for Rehearing Denied August 9, 1967.

J. D. Senter, Jr., Humboldt, John C. Nowell, Trenton, and W. J. Flippin, Milan, for appellant.

Robert F. Hedgepath, and Thomas E. Fox, Assistant Attorneys General, Nashville, for appellees.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

This appeal was perfected by Ralph R. Lawler, Judge of the General Sessions Court for Gibson County, from a decree dismissing his original bill and declaring Chapter 122 of the Public Acts of 1965 unconstitutional and void by reason of the failure of the Legislature to include therein a provision requiring local approval as required by Article XI, Section 9, of the Constitution of this State, known as the Home Rule Amendment.

The Court of General Sessions was created pursuant to Chapter 109 of the Public Acts of 1959, codified as T.C.A. Section 16-1101 et seq. The Act states: "[T]here is created and established a court in and for each county of Tennessee," except for those counties excluded by the terms of this Act.

The Act further states: "It is the intent of this chapter to hereby create a general sessions court in every county not expressly excepted in this section. In any

county where a general sessions court has been created pursuant to the general provisions of this chapter, it is intended that such county shall always have a general sessions court unless abolished by another general statute.''

By the terms of the Act, General Sessions Courts have, generally, the jurisdiction in civil and criminal cases formerly exercised by Justices of the Peace; the same authority as Chancery and Circuit Court Judges to grant fiats for writs of injunction, attachment, and other extraordinary process; and to render final judgment in misdemeanor cases where the defendant makes such request and waives his right to indictment and trial by jury.

By Chapter 122 of the Public Acts of 1965, the Legislature amended ''Chapter 11 of Title 16 of the Tennessee Code Annotated, the same being the state law establishing Court of General Sessions in certain counties.'' This amendatory Act applied, by population classification, to Gibson County alone. The General Sessions Court of that county was given additional jurisdiction to dispose of misdemeanors and felonies punishable by confinement for not more than five years in the State Penitentiary.

The Court of General Sessions for Gibson County was also given jurisdiction in divorce and workmen's compensation cases and to sit by interchange with the judges of the Circuit and Law Courts of that county.

The amendatory Act directed the Judge of the Court of General Sessions of Gibson County be paid $3,000.00 per year for performing these additional duties out of the State treasury as compensation is now paid to Circuit Court Judges and Chancellors.

The original bill filed by the appellant, Lawler, alleged that the dockets of the Circuit Court at Trenton and the Law Court at Humboldt had become congested because the County Court of Gibson County had ceased to hear divorce cases.

The bill further alleged the Legislature was aware of the congested dockets of Gibson County and this condition caused workmen's compensation cases to be passed to future terms of the Court for disposition.

The prayer of the bill, in addition to praying for process, was as follows:

"That at the hearing of this cause this Court determine and declare that Chapter 122 of the Public Acts of Tennessee for the year 1965 is an Act public in nature and application; that it is valid and constitutional in all respects; that the General Sessions Court of Gibson County, Tennessee, has, and in the future may, subject to the provisions of said Act, validly exercise the additional judicial powers and duties provided by the Act; and that complainant is entitled to receive from the State of Tennessee, beginning September 1, 1966, the additional compensation provided by the Act.

"That, in the event it be determined and declared by the Court that any part or Section of said Act, is unconstitutional, that said part or Section be elided, and the remaining Acts or Sections be and remain effective."

The defendants, by their answer, insisted the amendatory Act contravenes Article XI, Section 8, of the Constitution of Tennessee, because it is special legislation applicable to Gibson County alone without any reasonable basis of classification; and that it violates Article XI, Section 9, of the Constitution of this State because it is

applicable only to Gibson County and does not provide for approval by a two-thirds vote of the local legislative body of Gibson County or by a majority of those voting in an election in Gibson County held for that purpose.

On motion of the appellant, the Chancellor heard the cause on bill and answer. As stated, he held the amendatory Act of 1965 was local in effect applicable to Gibson County alone in its governmental capacity; and, therefore, in contravention of Article XI, Section 9, of the Constitution of Tennessee and dismissed the bill.

Appellant insists in this Court the Chancellor erred in holding the Act contravened Article XI, Section 9, of the Constitution of this State and dismissing the bill.

The question for our determination is whether the amendatory Act of 1965 is local in form or effect and applicable to Gibson County alone in its governmental capacity.

We quote the pertinent part of Article XI, Section 9, of our Constitution, which is applicable in the instant case:

"* * * any act of the General Assembly private or local in form or effect applicable to a particular county or municipality either in its governmental or its proprietary capacity shall be void and of no effect unless the act by its terms either requires the approval by a two-thirds vote of the local legislative body of the municipality or county, or requires approval in an election by a majority of those voting in said election in the municipality or county affected."

Appellant insists the amendatory Act of 1965 cannot be considered "private or local in form or effect," either from its purpose or content; that its purpose was to re-

lieve the congestion of dockets of State Courts in Gibson County; that the expeditious functions of the Circuit and Chancery Courts of the State are a matter of State and public import and the duty to provide for such and the decision as to how this purpose should be accomplished was a matter for the Legislature and should not be delegated to a local county governing body or local electorate.

That the content of the amendatory Act does not confer jurisdiction on the Court of General Sessions of Gibson County; that is, "private or local," but is of State or public import; that is, the Act confers additional criminal jurisdiction and concurrent jurisdiction with the Circuit and Chancery Courts to hear and determine divorce and workmen's compensation cases; and that it authorizes the Judge of the Court of General Sessions to sit by interchange with the Judges of the Circuit Court and Law Court of Gibson County.

Appellant further argues the Legislature labeled the amendatory Act a Public Act and provided the State compensate the Judge of the Court of General Sessions for exercising the additional jurisdiction conferred.

■ This is a very plausible argument. But we are unable to agree. It is our opinion, after a very careful and thorough investigation, that the Chancellor correctly held the amendatory Act of 1965 violates the Home Rule Amendment to the Constitution of this State.

As pointed out hereinabove, the Court of General Sessions for Gibson County was created pursuant to Chapter 109 of the Public Acts of 1959. The purpose of this Act was to create a State wide system of Courts of General Sessions, except in those counties expressly excepted

from the application of the Act. *Biggs v. Memphis Loan & Thrift Company,* 215 Tenn. 294, 385 S.W.2d 118 (1964).

Section 1 of the Act provides the county shall provide a courtroom for the Court and all necessary supplies and equipment for the maintenance of the Court. The Section also empowers the County Court to require the Court to meet at not more than three places in the County in addition to the County seat.

Section 9 of the Act provides the compensation of the Judge of the Court of General Sessions shall be paid out of the general fund of the County.

Neither the original Act of 1959 nor the amendatory Act of 1965 purports to create a court of general jurisdiction or a court the jurisdiction of which should extend beyond the borders of Gibson County.

Although the amendatory Act of 1965 conferred additional jurisdiction on the Court of General Sessions of Gibson County usually conferred on State Courts, the jurisdiction is limited and confined to Gibson County alone.

The additional jurisdiction conferred by the amendatory Act does not make the General Sessions Court of Gibson County a State Court. As said in the case of *Durham v. Dismukes,* 206 Tenn. 448, 333 S.W.2d 935 (1960), "[t]he overall duties are applicable to the people of the county alone."

This Court further said in the case of *Durham v. Dismukes,* supra:

"It has been the accepted feeling among the Bar down through the years that even though these different county judges and inferior courts that operate in

counties are given jurisdiction over certain State matters, that unless the Legislature has determined to make them a State court they still, under the Act creating them, are primarily a local court, the need for which is largely left to a vote of the people in the local county.''

It is immaterial that additional jurisdiction was extended to the Court of General Sessions of Gibson County to matters other than those usually granted to such courts. It is, nonetheless, a county court. The *Judges' Salary Cases,* 110 Tenn. 370, 75 S.W. 1061 (1903).

In the case of *Hancock v. Davidson County,* 171 Tenn. 420, 104 S.W.2d 824 (1932), this Court held the Court of General Sessions for Davidson County serves both a state and county purpose and the Judge of that Court serves as both a state and county officer.

It was further said in the case of *Hancock v. Davidson County,* supra:

''So while decisions of this court are to the effect that a justice of the peace, in the exercise of strictly judicial functions, is a state officer, it is plain from our statutes, as well as from adopted English statutes, that, in the exercise of other functions, the justice of the peace is strictly a county officer. In the exercise of still other functions, he is primarily a county officer, and the same must be said of these newly created functionaries who succeed to the jurisdiction and authority of justices of the peace in criminal cases, suits, and actions.''

█ A legislative Act relating to a Court of General Sessions is a special Act affecting a County in its governmental capacity. *Durham v. Dismukes,* supra; *Freshour v. McCanless,* 200 Tenn. 409, 292 S.W.2d 705 (1956).

The amendatory Act of 1965 amended Chapter 109 of the Public Acts of 1959 which created a state system of courts of general sessions. The Act of 1965 thereby became a part of the Act of 1959. Thus, we do not think it was the intention of the Legislature in enacting the amendatory Act of 1965 to make the Court of General Sessions of Gibson County a State Court.

■ The fact the amendatory Act supplemented the compensation paid to the Judge of the Court of General Sessions of Gibson County by the county by providing the State pay the supplement does not, in our opinion, make that Court a State Court. The original Act expressly states it was intended a county which created a Court of General Sessions pursuant to the Act that such County should always have a General Sessions Court unless abolished by another general statute.

The original Act creating the Courts of General Sessions makes them primarily a local court although such courts are given jurisdiction over certain State matters. *Durham v. Dismukes*, supra.

■ For the reasons set forth herein we conclude that the amendatory Act of 1965 is an Act local in effect applicable to Gibson County alone and violates Article XI, Section 9, of the Constitution of our State and is void.

■ We are of the further opinion Section 1 of the amendatory Act violates Article XI, Section 8, of the Constitution of this State.

Section 1 of the Act authorizes and empowers the judge of the Court of General Sessions of Gibson County to dispose of misdemeanor and felony cases punishable by a maximum penalty of five years in the penitentiary, upon

a plea of guilty by persons charged with such offenses, by fine and imprisonment.

It is clear this provision suspends the general law to the effect upon a plea of guilty, when the punishment is confinement in the penitentiary, a jury shall be impaneled to hear the evidence and fix the punishment. T.C.A. Section 40-2310.

"The power of the Legislature to create courts of special jurisdiction is unquestioned, but in exercising the power procedural law applicable in the court could not be made discriminatory." *Spurgeon v. Worley,* 169 Tenn. 697, 90 S.W.2d 948 (1936).

We understand we could elide this provision of Section 1 of the Act and thereby save the Act if it were otherwise constitutional.

The decree of the Chancellor is affirmed and the costs adjudged against appellant.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.

## Opinion on Petition to Rehear

Appellant has filed an earnest petition to rehear. The petition reargues the matter already thoroughly presented by Counsel and fully considered by us in reaching our original conclusion. Specifically, it is argued we failed to apply the rule announced by this Court in the case of *Hancock v. Davidson County,* 171 Tenn. 420, 421, 104 S.W.2d 824 (1932). We considered this authority and quoted therefrom in our original opinion.

"A petition for rehearing should never be used merely for the purpose of rearguing the case on points already considered and determined, unless some new and de-

cisive authority has been discovered, which was overlooked by the Court." *Whitaker v. House,* 213 Tenn. 61, 372 S.W.2d 194, (1963).

The petition also requests us to amplify our opinion by now holding petitioner, from the date he assumed the additional duties under the Act until it was declared unconstitutional by this Court, acted as a de facto officer and entitled to compensation from the State as provided by the Act.

This matter was not considered and adjudged by the Chancellor.

This Court will not grant relief which was not sought in the trial court, and sought for the first time on a petition to rehear in this Court. *City of Nashville v. Wilson,* 88 Tenn. 407, 12 S.W. 1082 (1889).

"The jurisdiction of this court is exclusively appellate, and it can only pass upon matters which the record shows have been considered and adjudged by the trial court from which the case has been appealed." *Railroad v. Johnson,* 14 Tenn. 632, 88 S.W. 169 (1905); Rule 14(5) of the Rules of the Supreme Court.

The petition is denied at the cost of petitioner.