# THOMAS P. ALVEY and DONALD HILL, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. March 27, 1969.

Certiorari Denied by Supreme Court July 7, 1969.

James M. Glasgow, Union City, for plaintiff in error.

George F. McCanless, Atty. Gen., Albert D. Noe, IV, Asst. Atty. Gen., Nashville, Fleming Hodges, Dist. Atty. Gen., Union City, for defendant in error.

## OPINION

GALBREATH, Judge.

The plaintiffs in error, Thomas P. Alvey and Donald Hill, hereafter referred to as defendants were indicted and convicted in the Circuit Court of Obion County of the offense of burglary in the third degree, and sentenced to terms of three to five years in the Penitentiary. To the action of the trial court in overruling their motion for a new trial the defendants appeal and cite five assignments of error.

The first assignment of error is to the effect that the evidence preponderates against the verdict of the jury and in favor of the innocence of the defendants. The facts, briefly stated, are these. At approximately 6:10 o'clock, A.M., on October 4, 1967, Union City police officers were made aware of a burglar alarm report at the Pleasant Valley Drug Store, and immediately proceeded to its location on Reelfoot Avenue. As they approached the store, the defendants drove away in an automobile which had been parked in front of the building. The officers gave pursuit and stopped the car some

four blocks from the drug store and placed the defendant, Alvey, who was driving, and the defendant, Hill, who had been hidden from view in the back seat during the chase, under arrest. The defendants' persons were searched and they were placed in the police car and taken by the officers back to the drug store where it was discovered that the front door, which had marks on its aluminum surface made by some object, was open. Some twenty-five minutes later the officers took the defendants back to the automobile in which they had been riding and searched it, finding hidden under the front seat and rear seat cushions various bottles and their contents later identified by the owner of the drug store as being his property.

Under the facts set out in the preceding paragraph, it can hardly be said that the evidence preponderates against the jury's verdict.

> "In reviewing the record on appeal from a conviction it is the law of this State 'that the credibility of the witnesses and the conflicts in their testimony have been settled by the verdict of the jury which has been approved by the trial court.'" McBee v. State, 213 Tenn. 15, 372 S.W.2d 173, citing Holt v. State, 210 Tenn. 188 at 198, 357 S.W.2d 57 at 62.

It is the earnest contention of the defendants that a search of the car was illegal and that the evidence thus obtained should have been excluded. The Judge ruled that the search was valid as incident to the arrest. If the search uncovering the property taken from the drugstore had been made at the time the defendants were personally searched and taken into custody, it is doubtful if this

question would have been raised. The defendants insist that the fact the search was made some twenty-five minutes after their arrest and after the car had been left alone for that period of time destroys the contemporaneousness with the arrest necessary to make the search valid. A general statement of the rule is found in Stoner v. Calif., 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964), "But a search can be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest."

Of course, the search was made in the exact vicinity of the arrest, the removal here being in time, not location. If the defendants had fled on foot some four blocks and had been captured and brought back to the automobile, we think the search would have been valid even if more than twenty-five minutes had elapsed. The real question here concerns itself with whether or not the search was reasonable. We think it was. A case which goes much further in holding the search of a defendant's car valid at a point in time removed from the actual arrest is Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, wherein it is held that where officers had arrested defendants in flight for committing a felony, and found one defendant attempting to dispose of a parking lot ticket, a subsequent search of the vehicle for which ticket was claim check without a warrant was not unreasonable. In *Liakas* a number of other examples of justifiable searches without warrants are cited, including that of State v. Cyr, 40 Wash.2d 840, 246 P.2d 480, wherein it was concluded that it was not unreasonable to search the accused's automobile which was parked outside of the place the arrest was made and a Michigan case where

after a person had been arrested for intoxication and his automobile keys taken from him, the officers took the keys several blocks and found his car and made a search. Accordingly, we hold that the search of the defendants' automobile in this case was justified under all the circumstances.

■ In their third assignment of error it is complained that one of the investigating police officers was permitted to testify, over objection, as to how entry into the drug store had been made. The officer was allowed to state that from his examination of the door he found scratches made with an "object that had prized the spring of the door facing to where the door would open." There was other testimony, not objected to, from another witness that the door had been "prized open." The court did not allow the witness to testify as to what kind of object had been used to prize the door open and ruled that the testimony to the effect that the door had been prized open was not testimony to a conclusion but to a fact. We agree.

■ A fourth assignment of error as to the manner in which one of the defendants was refused release on bond pending trial does not concern itself with the legality of the convictions and cannot be considered.

■ A fifth assignment of error complaining of a statement made by the trial judge which allegedly invaded the province of the jury on a question of fact cannot be considered either as it was not brought to the trial court's attention on the motion for a new trial and:

The jurisdiction of this court is exclusively appellate,

and it can only pass upon matters which the record shows have been considered and adjudged by the trial court from which the case has been appealed. Lawler v. McCanless, 220 Tenn. 342, 417 S.W.2d 548.

The judgments of the lower court are affirmed.

WALKER, P. J., and OLIVER, J., concur in the result.