# STATE OF TENNESSEE ex rel. THOMAS FRANK CARROLL, Plaintiff in Error, v. C. MURRAY HENDERSON, Warden, Defendant in Error.

Court of Criminal Appeals of Tennessee. April 3, 1969.

Certiorari Denied by Supreme Court July 7, 1969.

Robert L. Badger, Kingston, for plaintiff in error.

George F. McCanless, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, James P. Watkins, Dist. Atty. Gen., Loudon, for defendant in error.

## OPINION

OLIVER, Judge.

Thomas Frank Carroll, an inmate of the State Penitentiary where he is serving a sentence of ninety-nine years for murdering his seventy-four-year-old mother, in-

digent and represented by court-appointed counsel, is before this Court appealing from the judgment of the Criminal Court of Roane County dismissing his petition for the writ of habeas corpus after a full evidentiary hearing.

The first Assignment of Error is that the evidence preponderates against the judgment of the trial court dismissing the petition. The burden of showing the invalidity of a judgment of conviction is upon the petitioner in a habeas corpus proceeding. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 381 S.W.2d 290; State ex rel. George v. Bomar, 216 Tenn. 82, 390 S.W.2d 232. The finding of the trial court is conclusive against the petitioner upon questions of fact unless we are able to find that the evidence preponderates against the judgment of that court. State ex rel. Johnson v. Mainard, 188 Tenn. 501, 221 S.W.2d 531; State ex rel. Dych v. Bomar, 213 Tenn. 699, 378 S.W.2d 772; State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256; State ex rel. George v. Johnson, 217 Tenn. 1, 394 S.W. 2d 641.

In his second Assignment of Error the petitioner urges upon us that the trial court erred in holding that he was not prejudiced in his original trial when the trial judge declined to permit a material witness to testify. By agreement of the District Attorney General and defense counsel, a complete copy of the entire record of the petitioner's original trial was admitted in evidence at the habeas corpus hearing. It appears that defense counsel excused Mr. Marlin Beech from attending during the first day of the trial, anticipating that he would not be needed until the second day. Consequently, he

was not in court when the rule regarding the separate reception of testimony was invoked and the witnesses were excluded under that sequestration rule. When he entered the courtroom during the second day of the trial, defense counsel did not notice him until shortly before he was to be presented as a witness, and then counsel immediately required him to leave the courtroom. When he was called as a witness and stated, in response to inquiry by the court, that he had been in the courtroom and heard the defendant testify, upon objection by the District Attorney General the court declined to permit him to testify.

In the habeas corpus hearing, Beech was permitted to testify that when he was called as a defense witness in the original trial he was prepared to testify concerning the whereabouts of the petitioner on the day of the homicide. Obviously the purpose of offering this witness was to buttress the petitioner's defense of alibi. However, no objection was made to the trial court's action in not allowing him to testify, nor was it assigned as error in the motion for a new trial or in the Supreme Court. It may be said that we do not perceive the reason for the trial court's action. Smith v. State, 72 Tenn. 428; Ezell v. State, 220 Tenn. 11, 313 S.W.2d 678. Nevertheless, we must adhere to the settled law of this State that the appellate court can review only questions presented for determination in the lower court. In Wilkerson v. State, 208 Tenn. 666, 348 S.W.2d 314, the Court stated this rule as follows:

"* * * We, of course, cannot consider these assignments which were not incorporated in the motion for a new trial or were not in any manner brought to the

attention of the trial judge because under Rule 14, paragraph (5), as reported in 185 Tenn., and under the case of Hobbs v. State, 121 Tenn. 413, 118 S.W. 262, when the assignments are not included in the motion for a new trial we should not consider them."

Another statement of this rule is found in Kirby v. State, 214 Tenn. 296, 379 S.W.2d 780:

"Questions raised for the first time on appeal will not be considered, or stated in another way, the trial judge will not be put in error upon matters not brought to his attention for correction in the motion for a new trial. See Ex parte Calhoun, 187 Tenn. 372, 215 S.W.2d 789 (1948); Parker v. Reddick, 196 Tenn. 472, 268 S.W.2d 357, 45 A.L.R.2d 1096 (1954), and Rule 14(5), Rules of this Court, which provides in part:

'This is a court of appeals and errors, and its jurisdiction can only be exercised upon questions and issues tried and adjudged by inferior courts, the burden being upon the appellant, or plaintiff in error, to show the adjudication, and the error therein, of which he complains.' "

In Ezell v. State, 220 Tenn. 11, 413 S.W.2d 678, the Court said:

"* * * It has long been the rule of this Court that errors, to which no objections are made and exceptions taken in the court below, cannot be raised on appeal. See, Webb v. State, 173 Tenn. 518, 121 S.W.2d 550; Troxell v. State, 179 Tenn. 384, 166 S.W.2d 777; Blackwood v. State, 204 Tenn. 682, 325 S.W.2d 262."

Another statement of the rule is found in Lawler v. McCanless, 220 Tenn. 342, 417 S.W.2d 548:

"This Court will not grant relief which was not sought in the trial court, and sought for the first time on a petition to rehear in this Court. City of Nashville v. Wilson, 88 Tenn. 407, 12 S.W. 1082 (1889).

" 'The jurisdiction of this court is exclusively appellate, and it can only pass upon matters which the record shows have been considered and adjudged by the trial court from which the case has been appealed.' Memphis St. Railway Co. v. Johnson, 114 Tenn. 632, 88 S.W. 169 (1905); Rule 14(5) of the Rules of the Supreme Court."

■ Furthermore, the law is firmly established in this State that a petition for the writ of habeas corpus may not be used to review or correct errors of law or fact committed by the court in the exercise of its jurisdiction, and the writ cannot be used as a substitute for or to serve the purpose of appeal or writ of error, or to obtain a rehearing in the appellate court. State ex rel. Dawson v. Bomar, 209 Tenn. 567, 354 S.W.2d 763, cert. den. 370 U.S. 962, 82 S. Ct. 1620, 8 L.Ed.2d 829; State ex rel. Potter v. Bomar, 209 Tenn. 577, 354 S.W.2d 767; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887; State ex rel. Smith v. Bomar, 212 Tenn. 149, 368 S.W.2d 748, cert. den. 376 U.S. 915, 84 S.Ct. 670, 11 L.Ed.2d 612; State ex rel. Ivey v. Meadows, 216 Tenn. 678, 393 S.W.2d 744; State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667.

■■ The basis of the third Assignment of Error is that he did not have a preliminary hearing and no coun-

sel was appointed to assist him in connection with such a hearing. There is no constitutional mandate requiring a preliminary hearing in this State. State ex rel. Carlson v. State, 219 Tenn. 80, 407 S.W.2d 165. Nor does an accused have a constitutional right to a preliminary hearing. State ex rel. Reed v. Heer, 218 Tenn. 338, 403 S.W.2d 310; Dillard v. Bomar, 342 F.2d 789 (6th Cir., 1965). Since a preliminary hearing is not a critical stage of a criminal prosecution in this State, and is not constitutionally required, an accused has no constitutional right to be represented by counsel at a preliminary hearing. State ex rel. Reed v. Heer, supra.

■ The petitioner's fourth Assignment is that the trial court erred in holding that he was indicted by a legal and constitutional Grand Jury, and that the indictment was not void. In the first place, the writ of habeas corpus may not be employed to test the validity of the indictment upon which the original conviction was based. Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036; Underwood v. Bomar, 335 F.2d 783 (6th Cir., 1964). Beyond that, however, the petitioner raised the same question in his appeal to the Supreme Court and it was there decided adversely to his contentions. It is fundamental that habeas corpus may not be used to resurrect and relitigate and review matters raised and disposed of in a direct appeal from a conviction. State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667; Spaulding v. Taylor, 336 F.2d 192 (10th Cir., 1964).

■ The fifth Assignment is that the trial judge erred in refusing to grant a motion for a continuance of the habeas corpus hearing, the motion being predicated upon

the fact that one of his appointed attorneys could not be present at the hearing due to the death of his father. While the court's reasons for denying a continuance under those circumstances may not be readily understandable, it is elementary that such a motion is addressed to the sole discretion of the trial judge, and that his judgment will not be disturbed in the absence of a clear showing of gross abuse of his discretion. This whole question was reviewed by our Chief Justice in Moorehead v. State, 219 Tenn. 271, 409 S.W.2d 357:

> "So far as we can find, it has always been the rule in this State that a trial judge will not be put in error for denying a continuance unless it is shown that he has abused his discretion in doing so, because the granting or denying of a continuance is a matter which addressed itself to the sound discretion of the trial judge. Bass v. State, 191 Tenn. 259, 231 S.W. 2d 707, and many others. This Court has held though that it will not disturb the exercise of this discretion by the trial judge unless something is developed in the after trial to show that the defendant might have been prejudiced in some way by the refusal to grant a continuance. State v. Rigsby, 74 Tenn. 554. In this case, that is the Rigsby case, the Court delivered an opinion, which was handed down eighty odd years ago, and made this very apt statement, which is worthy of quotation when the Court said:
>
> " '* * * But, in the nature of things, much must be left to the discretion of a circuit judge, who is presumed to have, and who has in fact so large an experience upon the subject of criminal trials, who knows the shifts, and devices, and false pretenses to which

defendants resort in the hope of escape from justice, and that to disturb the exercise of his discretion, there should be something developed in the after trial to show that the defendant might have been prejudiced in some way by the refusal to grant a continuance.' "

The petitioner was most capably represented at the habeas corpus hearing by the other appointed counsel, in consequence of which we cannot say that the trial judge abused his discretion in denying a continuance or that the petitioner was prejudiced thereby.

██ Finally, the sixth Assignment of Error is that the trial court erred in holding that the petitioner was mentally competent to stand trial and advise with his attorneys at his original trial. This is his principal insistence before this Court. The record of the original trial shows that on July 23, 1965, upon motion by petitioner's counsel, the trial judge entered an order that he be taken to Eastern State Hospital for psychiatric examination. The motion stated its purpose was "to determine his competency to consult with counsel, and to stand trial in the above case." Both the record of the original trial and the record of this habeas corpus hearing show a letter dated July 28, 1965, addressed to the trial judge by the acting superintendent of Eastern State Hospital, stating that the petitioner had been examined, and that he was "considered sane, competent to advise counsel and able to stand trial." At the habeas corpus hearing, the two officers who took the petitioner to Eastern State Hospital testified that his examination there was completed in approximately ten minutes and that they returned him to the Roane County Jail. A doctor of psychology employed at Eastern State Hospital and

the University of Tennessee testified that he participated in the examination, that the petitioner was interviewed by a panel of six people consisting of three physicians, a social worker and two psychologists, in a conference-type examination without the benefit of any background information and without administering any tests, and that a ten-minute conference-type examination is insufficient to determine sanity or competency except in cases presenting obviously gross derangement. Upon this basis the petitioner earnestly insists that the examination was cursory and perfunctory and insufficient for meaningful determination of his competency to stand trial.

No explanation appears for failure to utilize the statutory procedures outlined in T.C.A. §§ 33-701—33-706, with respect to hospitalization and examination of defendants in criminal cases for the purpose of determining their mental competency and responsibility. However, again no exception was taken, no objection was made to the "report" of Eastern State Hospital. No plea was interposed that the petitioner was insane at the time of the offense or that he was insane or mentally incompetent at the time of his trial. No such issue was raised in his motion for a new trial, and no attempt was made to do so in his appeal to the Supreme Court. Consequently, for the same reasons and upon the authorities cited above in our discussion of the second Assignment of Error, this question may not be raised here for the first time and cannot be considered. Habeas corpus is not available for this purpose, because the contention is merely a matter of defense and does not go to the court's jurisdiction. Weihofen, Mental Disorder as a Criminal Defense, Chapter VIII, § 6, p. 385.

All Assignments of Error are overruled and the judgment of the trial court is affirmed.

WALKER, P. J., concurs.

GALBREATH, J., did not participate in this case.