# MARY LOUISE HESTER and WOODROW WILSON McCRAVEY, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 450 S.W.2d 609.

Court of Criminal Appeals of Tennessee. Nov. 14, 1969.

Certiorari Denied by Supreme Court Feb. 16, 1970.

12

C. Frank Davis, Morristown, for plaintiffs in error.

George F. McCanless, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Heiskell H. Winstead, Dist. Atty. Gen., Rogersville, Charles E. Fraley, Asst. Dist. Atty. Gen., Church Hill, for defendant in error.

## OPINION

RUSSELL, Judge.

Trial was held upon a three count indictment charging

Dyer, Hester and McCravey with burglary, larceny and receiving and concealing stolen property. Dyer was convicted of burglary, and did not appeal. Hester and McCravey were each convicted of receiving and concealing stolen property of a value of more than One Hundred Dollars ($100.00), sentenced to not less than three (3) nor more than three (3) years and one (1) day in the penitentiary, and each has appealed.

Dyer signed a confession, implicating plaintiffs-in-error; the confession was introduced upon the trial; and Dyer did not testify. Hester and McCravey, therefore, rely upon Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, upon appeal.

The record shows the following when Captain Franklin, one of the officers who interrogated Dyer, was examined on direct examination:

A. I talked to Mr. Dyer first.

Q. Alright. What time did you start talking to Mr. Dyer?

A. At 3:25 p.m.

*Mr. Davis* (counsel for Hester and McCravey): Your Honor please, I think, to clarify it for the jury, *we'd like to request the Court to instruct the jury* that any statement made by one defendant, unless it was made in the presence of another defendant, is not admissable (sic) and cannot be used as evidence against the defendant. (emphasis added)

*The Court*: Mr. Davis, I certainly intended to do so. I might as well explain it now. Gentlemen of the Jury, the law is that any statement made by a co-defendant,

out of the presence of another defendant, may be looked to only to the one that is making the statement and may not be considered against any of the absent partners. That is the law, and I may have to instruct you on other occasions in this trial. Alright, go ahead.

Subsequently, two statements by Dyer were introduced without objection. After the second was read to the jury, the following transpired:

*Mr. Davis*: Your Honor please, I want to make it clear that on behalf of the defendants, Mary Louise Hester and Wilson McCravey, we object to anything in the statement pertaining to them and instruct the Jury that they cannot consider this as evidence against them.

*The Court*: Mr. Officer, were the other two defendants with Dyer, or was it just Dyer?

A. It was just Dyer, at this time.

*The Court*: Okay. We'll take them as they come up. The same ruling, as I told you a little bit ago, that the statement made by one defendant, out of the presence of the co-defendants, may be looked to only as to the one making the statement. Proceed.

Obviously employed counsel for Hester and McCravey not only did not object to the introduction of the statements, but actually suggested the procedure that was followed. No error was assigned in this connection in either motion for a new trial. No motion for a severance was ever made. The question is raised here for the first time.

██ ██ The confession of Dyer was obviously admissible against Dyer; but, since Hester and McCravey were not present when it was given, it was not admissible against them. The Court so instructed the jury. The general rule now, however, is that the confession of a co-defendant is inadmissible upon a joint trial, where the confessing co-defendant does not himself testify. This is generally true, even with the Court's admonition to the jury that the confession is not to be considered against anyone other than the confessor. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. However, such error can be harmless where the complaining defendant admitted his presence at the scene of the crime and competent evidence of his guilt is overwhelming. Harrington v. State of California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. This is such a case.

Here, additionally, no motion for a severance was made; no objection was made to the introduction of Dyer's confession against him; the pre-Bruton procedure followed was suggested and moved for by these defendants; and no error was cited in the motions for new trials.

██ An objection first made on appeal is not tenable. Vowell v. State, 207 Tenn. 498, 341 S.W.2d 735; Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385; Ezell v. State, 220 Tenn. 11, 413 S.W.2d 678; Lawler v. McCanless, 220 Tenn. 342, 417 S.W.2d 548. Errors to which no objections were made and exceptions taken in the trial court cannot be raised for the first time on appeal. Troxell v. State, 179 Tenn. 384, 166 S.W.2d 777; Webb v. State, 173 Tenn. 518, 121 S.W.2d 550; Black-

wood v. State, 204 Tenn. 682, 325 S.W.2d 262; Kirby v. State, 214 Tenn. 296, 379 S.W.2d 780. Generally, appellate courts review only questions presented for determination in the lower court. Lawler v. McCanless, supra; Ezell v. State, supra; Supreme Court Rule 14(4) and (5).

These defendants, under this record, cannot rely upon the Bruton rule; and the assignment of error based thereon is overruled.

It is seriously contended that the *Miranda* warning was not sufficiently given to Hester and McCravey, and that it was error to allow their respective statements to be introduced. No objection was made to the introduction of either statement at the time that it was introduced into evidence. No question was raised upon either motion for a new trial. The question now raised is that no instruction was given as to the availability of a lawyer even though one could not be afforded (before any questions were asked). The statement of rights said, in part:

"* * * You have this right to the advice and presence of a lawyer even if you cannot afford to hire one. We have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to court. If you wish to answer questions now without a lawyer present, you have the right to stop answering questions at any time. You also have the right to stop answering at any time until you talk to a lawyer."

Such objection was clearly waived, under the authorities heretofore cited.

■ It is contended that there was no evidence that stolen goods of a value of more than One Hundred Dollars ($100.00) were ever in the possession of Hester and McCravey. A fair analysis of the evidence is that the proof clearly showed that goods valued at more than One Hundred Dollars ($100.00) were stolen. These defendants never admitted having goods of that value, but circumstantially they received and concealed whatever was taken. There is no merit to this assignment.

The final assignment of error is that there was not sufficient competent evidence to convict Hester and McCravey. Both gave statements implicating themselves, and both testified to facts which had them carrying Dyer by their automobile to retrieve the stashed stolen goods and then disposing of some of the stolen cigarettes under conditions that, even under their testimony, made the fact of prior theft evident. They confessed to everything except knowledge that the goods had been stolen, and admitted facts that clearly proved such knowledge. The evidence is clearly sufficient.

The judgment of the trial court is affirmed.

OLIVER and DWYER, JJ., concur.