**STATE of Tennessee, Ex rel. Heiskell H. WINSTEAD, District Attorney General and William M. Leech, Jr., Attorney General for the State of Tennessee, Plaintiffs Appellants,**

v.

**Edward H. MOODY, Judge, General Sessions Court, Hamblen County, Tennessee, Defendant Appellee.**

Supreme Court of Tennessee.

March 24, 1980.

Robert B. Littleton, Deputy Atty. Gen., Nashville, for plaintiffs appellants; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

John F. Dugger, Morristown, for defendant appellee; Bacon, Dugger, Jessee & Perkins, Morristown, of counsel.

## OPINION

BROCK, Chief Justice.

This is a *quo warranto* action in which the District Attorney General for Hamblen County and the Attorney General for the State of Tennessee appealed from the decree of the Chancellor holding that the legislative body of Hamblen County, rather than the Governor of the State of Tennessee, was vested with authority to fill a vacancy occurring in the office of General Sessions Judge of Hamblen County.

The *quo warranto* action was filed by the District Attorney General after the county commissioners of Hamblen County on October 30, 1978, under the authority of Art. VII, § 2, of the Constitution of Tennessee, had appointed defendant Moody to fill the vacancy in the office of General Sessions Judge and after Governor Blanton had appointed J. K. Miller to fill the same vacancy under the authority of T.C.A., § 16–1115.

Art. VII, § 2, of the Constitution of Tennessee, which became effective March 31, 1978, provides:

"Vacancies.—Vacancies in county offices shall be filled by the county legislative body, and any person so appointed shall serve until a successor is elected at the next election occurring after the vacancy and is qualified."

T.C.A., § 16–1115, originally enacted as a section of Chapter 109, Public Acts of 1959, which established a system of general session courts in Tennessee, provides as follows:

"In the event of a vacancy (in the office of judge of general sessions court) for any cause, the governor shall have the power to appoint some qualified person to fill such vacancy until September 1 following the next regular August election

at which election said vacancy for the remainder of the term shall be filled by the qualified voters of the county."

This latter statutory provision found constitutional sanction in Art. VII, § 4, of the Constitution of Tennessee which provides:

"The election of all officers, and the filling of all vacancies not otherwise directed or provided by this Constitution, shall be made in such manner as the Legislature shall direct."

See: *State ex rel. Smiley v. Glenn*, 54 Tenn. 472 (1972); *Judges' Cases*, 102 Tenn. 509, 53 S.W. 134 (1899); *Condon v. Maloney*, 108 Tenn. 82, 65 S.W. 871 (1901).

The Chancellor held that the office of judge of the General Sessions Court of Hamblen County was a county office within the meaning of Art. VII, § 2, of the Constitution of Tennessee and, therefore, that T.C.A., § 16–1115, purporting to authorize the Governor to fill the vacancy in this office was invalid because in conflict with Art. VII, § 2. It was considered that by Art. VII, § 2, a vacancy in the office of General Sessions Judge for Hamblen County was "otherwise directed or provided by (the) Constitution" within the meaning of Art. VII, § 4, so that the latter provision could not validate the attempt by the legislature to authorize the Governor to fill such vacancy under the terms of T.C.A., § 16–1115. We conclude that the Chancellor was correct and affirm his decision.

■ The appellants press two arguments, *viz.*, (1) that the county offices mentioned in Art. VII, § 2, are limited to those "county offices" mentioned in the previous section, Art. VII, § 1, *i. e.*, a county executive, a sheriff, a trustee, a register, a county clerk and an assessor of property, and (2) that the office of Judge of the General Sessions Court of Hamblen County is in no event a "county office." We cannot agree with either proposition.

We find no justification for giving to the words "county offices" in Art. VII, § 2, the narrow and restrictive interpretation insisted by the appellants. If it had been intend-

ed that the vacancy filling power set out in Art. VII, § 2, should be limited to only those county offices specified in Art. VII, § 1, it would have been an easy matter to say so. There are many county offices other than those enumerated in Art. VII, § 1, and since general words rather than restrictive ones were chosen in Art. VII, § 2, we hold that the appointing power set out in Art. VII, § 2, extends to all county offices including, but not limited to, those county offices specified in Art. VII, § 1.

The question remains whether the office of Judge of the General Sessions Court for Hamblen County is a county office and, thus, is subject to the power set out in Art. VII, § 2, for the filling of vacancies. This Court expressly held in *Durham v. Dismukes*, 206 Tenn. 448, 333 S.W.2d 935 (1960) that the office of Judge of the General Sessions Court for Sumner County was a county rather than a state office. In reaching that conclusion the Court set out the criteria for distinguishing between a state office and a county office. The criteria set out in *Durham* were applied by the Court in *Lawler v. McCanless*, 220 Tenn. 342, 417 S.W.2d 548 (1967) and in *Stambaugh v. Price*, Tenn., 532 S.W.2d 929 (1976). It was held in the *Lawler* case that the General Sessions Court for Gibson County was a county rather than a state office and in *Stambaugh* that the office of Juvenile Court Judge for Hamblen County was a county office rather than a state office. Still later in *Waters v. State ex rel. Schmutzer*, Tenn., 583 S.W.2d 756 (1979) the *Durham* criteria were again applied in determining that the office of Judge of the Juvenile Court for Sevier County was a county office and that a vacancy in that office was properly filled by the legislative body of Sevier County under Art. VII, § 2, of the Constitution.

In *Durham v. Dismukes, supra*, this Court stated that "the primary badge of a state officer is that the Legislature provide that the State pay the salary of the office." The Court then proceeded to examine the office of Judge of the General Sessions Court for Sumner County and, finding that there was no legislative intent apparent to create a court with jurisdiction beyond the borders of the county, that the county bore the expenses of the court, paid the judge's salary, and was entitled to the fees collected by the court and that "the overall duties are applicable to the people of the county alone," it was held that the General Sessions Court for Sumner County was a county rather than a state office. These were the criteria later applied in the other cases above cited.

All that was said of the General Sessions Court for Sumner County in *Durham v. Dismukes, supra*, may equally be said of the General Sessions Court for Hamblen County. The Hamblen court was created by Chapter 235 of the Private Acts of 1947, Section 1 of which provided:

"*Be it enacted by the General Assembly of the State of Tennessee*, That there is hereby created and established in and for Hamblen County, Tennessee, a Court, which shall be designated 'Court of General Sessions of Hamblen County, Tennessee.'

"Court rooms and adequate facilities for said Court shall be provided in the Courthouse in Morristown, and it shall be the duty of the Chairman of the County Court of said County to make provision therefor, and to provide necessary dockets, furnishings, supplies and all necessary equipment for the proper maintenance of said Court, and the expenses of same shall be paid out of the General Fund of the County."

Section 9 of that Act set the salary and qualifications for the judge of the court and provided that his salary should be paid out of the general funds of the county. Section 14 of the Act further provided that the county would receive such fees as might be collected from operation of the court. The Act vested in the General Sessions Court for Hamblen County all the jurisdiction previously conferred by the legislature upon Justices of the Peace in civil and criminal cases and provided that its jurisdiction and authority should be co-extensive with Hamblen County, Tennessee. The court was

also vested with all the jurisdiction conferred by the legislature upon the chairman of the county court in probate, guardianship, insanity, workmen's compensation and juvenile cases and provided that said jurisdiction should be co-extensive with Hamblen County. None of the amendatory acts later enacted in any way changed the general character and nature of the court as a county rather than a state office.

We, therefore, find the conclusion to be inescapable that the office of Judge of the General Sessions Court for Hamblen County is a county office rather than a state office and that authority to fill vacancies in that office is vested by Art. VII, § 2, of the Constitution in the county legislative body. T.C.A., § 16–1115, has been rendered invalid by the adoption of the 1978 amendment to Art. VII, § 2, of the Constitution of Tennessee. The Governor, therefore, was without power to fill the vacancy in question.

The decree of the Chancellor is affirmed and the costs are adjudged against the appellants.

COOPER, FONES, HENRY and HARBISON, JJ., concur.