IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 7, 2015

**JAMES DAVIS, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 10-02851 & 10-02797    James M. Lammey, Jr., Judge**

_____

**No. W2015-00160-CCA-R3-HC  -  Filed September 11, 2015**

_____

The Petitioner, James Davis, Jr., appeals as of right from the Shelby County Criminal Court's summary dismissal of his petition for a writ of habeas corpus. The Petitioner contends that, due to his mental condition at that time, he should be allowed to withdraw his guilty plea because it was not entered voluntarily. The Petitioner also contends that he received ineffective assistance of counsel due to counsel's failure to request a mental evaluation. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

James Davis, Jr., Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen C. Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In April 2010, the Petitioner was indicted for attempted first degree murder, aggravated stalking, and six counts of violation of a protective order. On February 4, 2011, the Petitioner pled guilty to attempted first degree murder, aggravated stalking, and five counts of violating a protective order, and in exchange, he received an effective sentence of forty-four years.

On August 19, 2014, the Petitioner filed a petition for a writ of habeas corpus in the Shelby County Criminal Court. The petition alleged (1) that the Petitioner's guilty plea was not freely, knowingly, voluntarily, and intelligently entered due to the

Petitioner's mental condition at the time of the plea; and (2) that the Petitioner received ineffective assistance of counsel because of counsel's failure to seek a mental competency evaluation.

The State filed a response and moved to dismiss the petition on November 25, 2014. On December 18, 2014, the habeas corpus court entered an order summarily dismissing the petition, concluding that the Petitioner was not entitled to relief because he failed to show that the trial court was without jurisdiction to sentence him following the entry of his guilty plea or that his sentence had expired. The habeas corpus court also concluded that the petition for writ of habeas corpus "d[id] not meet the requirements for such relief as per T[ennessee] C[ode] A[nnotated] [section] 29-21-101."[1] On January 16, 2015, the Petitioner filed a timely notice of appeal.

The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. The Petitioner argues that his guilty plea was not freely, knowingly, voluntarily, and intelligently entered due to his mental condition at the time of the plea, and that the trial court erred by not ordering a fitness examination prior to his pleading guilty. The Petitioner also argues that he received ineffective assistance of trial counsel. The State responds that the Petitioner's claims are not cognizable for habeas corpus relief.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor, 995 S.W.2d at 83.

---

[1] Tennessee Code Annotated section 29-21-101 provides, "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in subsection (b) and in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101(a). None of the exceptions specified therein are applicable here.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109. We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

Initially, we note that the Petitioner filed his application in the wrong county and failed to verify the petition by affidavit and have it notarized. See Tenn. Code Ann. § 29-21-105; Tenn. Code Ann. § 29-21-107. Although grounds existed, the habeas corpus court did not dismiss the petition due to these procedural deficiencies. See Hickman, 153 S.W.3d at 21 ("A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required.").

The Petitioner's claim for habeas corpus relief is based upon his contention that his guilty plea was not knowing and voluntary because of his mental state at the time he entered the plea agreement. "Voluntariness of the plea, however, has no relevance in a habeas corpus proceeding." Summers, 212 S.W.3d at 259. "In all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." Hickman, 153 S.W.3d at 24. Nor is the Petitioner entitled to habeas corpus relief based on his alleged mental state at the time of the plea agreement. State ex rel. Carroll v. Henderson, 443 S.W.2d 689, 694 (Crim. App. 1969) ("Habeas corpus is not available for this purpose, because the contention is merely a matter of defense and does not go to the court's jurisdiction."); Walter D. Starnes v. Tony Parker, Warden, No. W2006-01634-CCA-R3-HC, 2006 WL 3613603, at *2 (Tenn. Crim. App. Dec. 8, 2006).

In James John Lewis v. State, the petitioner, proceeding pro se, filed a petition for a writ of habeas corpus, alleging that the trial court erred in not investigating the medications the Petitioner was taking when he entered his guilty plea and, accordingly, erred in accepting the Petitioner's guilty plea. No. M2012-01929-CCA-R3-HC, 2013 WL 160691, at *1 (Tenn. Crim. App. Jan. 15, 2013). There, this court held that "[t]he [p]etitioner's assertion that the trial court erred in allowing the [p]etitioner to plead guilty while on prescription medications is not reviewable in a habeas corpus proceeding." Id. at *2. (citation omitted). Consequently, "neither the petitioner's claim that his guilty plea was unknowing and involuntary[,] nor any other claim relative to the taking of the guilty

plea, ... is a cognizable ground for habeas corpus relief." <u>Pounds v. Colson</u>, No. M2012-02254-CCA-R3HC, 2013 WL 6001951, at *4 (Tenn. Crim. App. Nov. 12, 2013).

The Petitioner further claims that, because trial counsel allowed him to enter the plea agreement, in his mental state, without requesting a mental examination, trial counsel was ineffective. As a general rule, ineffective assistance of counsel does not entitle a petitioner to habeas corpus relief. <u>Vance McCaslin v. State</u>, No. 01C01-9611-CC-00480, 1998 WL 44919, at *1 (Tenn. Crim. App. Feb. 5, 1998). The Petitioner's claim of ineffective assistance of counsel, even if true, would render his judgment voidable rather than void; therefore, such an allegation is not a cognizable claim for habeas corpus relief. <u>Pounds</u>, 2013 WL 6001951, at *4. Thus, the Petitioner's claims are not cognizable for habeas corpus relief.

Upon thorough review, we affirm the judgment of the habeas corpus court.

_____
D. KELLY THOMAS, JR., JUDGE